————o————

WILLIAM QUAYLE, Appellant, vs. M., K. & T. RAILWAY Co. AND THE TEBO & NEOSHO RAILROAD Co., Respondents.

1. *Railroad—Condemnation of lands—Petition for appointment of commissioners—Allegations of, what sufficient.*—In proceedings for the condemnation of land for railroad purposes under the statute, the allegations set out in the petition for appointment of commissioners, that the owner has refused to relinquish the land or to make a voluntary conveyance of it, and that he received five days' notice previous to the presentation of the petition, state facts sufficient to give the court jurisdiction of the person of the owner and of the subject matter of the proceeding.

2. *Railroads—Condemnation of lands—Commissioners—Action of what number sufficient.*—Under a proper construction of the statute directing the appointment of three commissioners to appraise land for railroad purposes, the report of the commissioners is not rendered nugatory by the fact that only two of them acted and signed the report. (See as to construction, Wagn. Stat., 887, § 6.) Such a report is sufficient to authorize the court to render a judgment upon it vesting the title to the land in the company.

*Appeal from Randolph Circuit Court.*

*McCanne & Rutherford*, for Appellant.

I. The report of the commissioners appointed to assess the damages on plaintiff's land is not valid and binding. Where an

30—VOL. LXIII.

act requiring the exercise of judgment is to be performed by a board of commissioners, it must affirmatively appear that all of said commissioners, acted and exercised their judgment and influence in the premises. (*Ex parte* Rogers, 7 Cow. 530, note ; Wood vs. Phelps Co. Court, 28 Mo. 119.)

II. In proceedings for the condemnation of private property, the statute for that purpose must be strictly complied with, and unless the proceedings are had strictly in accordance with the provisions, the same are utterly null and void. (1 Redf. on Railw. 239 ; North Mo. R. R. Co. vs. Lackland, 25 Mo. 532, 533 ; Shaffner vs. St. Louis, 31 Mo. 264 ; Lind vs. Clemens, 44 Mo. 540 ; Anderson vs. City of St. Louis, 47 Mo. 479 ; Ells vs. Pacific R. R. Co., 51 Mo. 200.)

III. In this case there was no such report of the commissioners as would authorize the court in which the same was made to enter up a judgment of condemnation, and such judgment was " *coram non judice,*" and being nugatory and void, the same may be attacked collaterally, and the testimony offered by the plaintiff for that purpose should have been admitted, especially when the same parties were in court in this proceeding and all parties in interest who were parties in the proceedings had for the condemnation of the land. The judgment of condemnation and all the proceedings for that purpose being " *in invitum,*" and summary in their nature, are subject to review and attack in the case at bar, notwithstanding the same were had in a court of general jurisdiction ; in such case the court stands upon the same footing as those tribunals whose jurisdiction is special and limited, and their proceedings have uniformly been held as subject to review and attack in cases like the case at bar. (State to use of Perry vs. Towl, 48 Mo. 148 ; Fithian vs. Monks, 43 Mo. 520–522, and the numerous authorities cited ; Anderson vs. City of St. Louis, 47 Mo. 479 ; Ells vs. Pacific R. R. Co., 51 Mo. 200 ; Reitenbaugh vs. Chester Val. R. R. Co., 21 Penn. St. 100 ; Dill. Mun. Corp. §§ 468–71 and notes.)

*John Montgomery, Jr.*, for Respondents.

It is a general and well settled principle of law, that a pow of a judicial character, or where the act is of a public nature and the authority is conferred by law on three or more persons, a majority may legally execute the same, if all have had an opportunity to act, or have been notified and refuse. It is not necessary that they should all meet and consult. (Groton & Ledyard vs, Hurlburt, 22 Conn. 189 ; Crone vs. Daniels, 20 Conn. 333 ; Gallup vs. Tracy, 25 Conn. 17 ; Jones vs. Andover, 9 Pick. 150 ; George vs. School Dist., 6 Metc. 511 ; Howen vs. City of Lowell, 5 Metc. 42 ; Damon vs. Granby, 2 Pick. 352, where the distinction is stated between public and private bodies, 2 Pick. 33, note 1, and authorities there cited ; Walkert vs. Rogan, 1 Wis. 614 ; also Soens vs. City of Racine, 10 Wis. 271 ; 8 Black, 455 ; 3 Ind., 452 ; Williams vs. School Dist., 21 Pick., 82 ; Rollin vs. Phelps, 5 Minn. 467 ; Comm'rs vs. Bumgarter, 51 Ill. 258 ; Lonk vs. Wood, 25 Ills. 262 ; Comm's of Alleghaney Co. vs. Leckey, 6 Serg't & R. 170 ; McCready, vs. Guardians of Poor, 9 Ib. 99 ; Commonwealth *ex rel.* Hall vs. Canal Comm's, 9 Watts, 470 ; Sto. on Ag'cy, § 42, note 6 ; 2 Kent's Com. § 623, note ; Ang. & Ames on Corp. 459, *et seq.*; 1 Kyd on Corp. 422 ; 2 Kent's Com. 293 ; Withmel vs. Gartham, 6 Term, 387 ; Field vs. Field, 9 Wend., 394 ; Dennis vs. Maynard, 15 Ill. 478 ; Com. *ex rel.*, Hall vs. Can. Com. 9 Watts, 471.)

This is a collateral proceeding, and the validity of the condemnation cannot be called into question in this proceeding. (Evans vs. Haefner, 29 Mo. 158 ; 22 Ills. 399 ; Freem. Judg. 433, and authorities cited ; Beard vs. Federly, 3 Wal. 489 ; Semple vs. Hager, 27 Cal. 163 ; Bernal vs. Lynch, 36 Cal. 143 ; Roosevelt vs. Kellogg, 20 Johns, 208 ; Smith's Lead. Cas. vol. 1, part 2, pp. 999, 1008 ; Quincy Mo. & Pac. R. R. vs. Ridge, 57 Mo. 599 ; Han. & St. Joe. R. R. vs. Morton, 27 Mo. 320 ; Martin vs. Barron, 37 Mo. 305 ; Grover vs. Grover, 30 Mo. 400 ; Bernecker vs. Miller, 40 Mo. 111 ; Montgomery vs. Farley, 5 Mo. 233 ; Winston vs. Affalter, 49 Mo. 263 ; Childs vs. Shannon, 16 Mo. 331.)

NORTON, Judge, delivered the opinion of the court.

This is an action of ejectment brought by plaintiff to recover a tract of land in Randolph county, upon which the railroad of defendant had been constructed.

The Missouri, Kansas and Texas Railroad Company, in its separate answer, alleges that its co-defendant in March, 1872, commenced proceedings before the judge of the circuit court of Randolph county to obtain the right of way over the lands sued for; that on the 16th of March, 1872, a petition was presented to said judge for that purpose, of which due notice had been given plaintiff; that three commissioners were appointed to view the land and assess the damages, who were required to report their proceedings to the court; that said commissioners on the 11th of April, 1872, made out, under oath, their report, and filed the same in the office of the clerk of the circuit court of Randolph county, in which they assessed the damages to plaintiff at twenty-five dollars; that said report, on the 27th of May, 1872, was presented to the circuit court of said county, and, no exceptions or objections having been filed thereto, the court rendered a verdict thereon in plaintiff's favor for the damages assessed, and made an order vesting title in the Tebo and Neosho road; and that said company paid into the hands of the clerk the said sum of twenty-five dollars. Defendant further alleges that by agreement with the said Tebo and Neosho road it entered into possession of the railroad, built on said land, as tenant or lessee.

The Tebo and Neosho road filed its separate answer, setting up the same facts in regard to the condemnation of the land in dispute as are charged in the answer of its co-defendant, and alleging that it was occupying and using the land by its tenant, the co-defendant, by operating its railroad over it. This defendant also sets up in its answer, that long before it commenced the construction of its road bed over the land sued for, plaintiff lived on land adjoining, and well knew that defendant had entered on the land and was constructing its road over it, and making large expenditures of money thereon, and stood by making no objection; that said defendant is using said road as a common carrier, and

is a highway extending through the entire length of the State, etc. To these separate answers plaintiff filed replications, denying the allegations therein.

On the trial of the cause defendants, to sustain the issues presented by them, offered in evidence the notice of application for the appointment of commissioners, the petition for their appointment, the order of the judge appointing them, the report of the commissioners, and the judgment of the court on their report.

Plaintiff objected to the introduction of the judgment of the court on the report of the commissioners, which objection was overruled, and he excepted.

The defendant introduced a witness who testified that the commissioners passed over the land in question; that he saw them on it. They made the report a few days after that. One of the commissioners, McLean, refused to sign the report that the commissioners were all on the ground.

The plaintiff offered to show by Finnis McLean, one of the commissioners, that six days before the action of the other two commissioners, appointed on the commission to condemn the land, he resigned his appointment, and so notified the defendants and the court in open session; that he never acted nor pretended to act with the other commissioners in the condemnation of plaintiff's land; that he was not then a commissioner in the cause, and had not been for six days prior thereto; that he had resigned in open court, and so notified the defendants, and that defendants so understood it.

To the introduction of this evidence defendants objected, which objection was sustained by the court, to which plaintiff excepted.

Plaintiff thereupon took a non-suit with leave to move to set the same aside, filed his motion for that purpose and for a new trial, which was overruled, and final judgment entered for defendants, from which plaintiff appealed.

The evidence in this case shows that the plaintiff was duly notified of the application of defendant to have the land in dispute condemned, so that its road might be constructed over and through it; that in conformity to this notice one of the defendants did

present a petition to the judge of the circuit court of Randolph county, in which the land was situated, in which it was averred that plaintiff was the owner of the land in question ; that the line of his road was located upon and through it, and that plaintiff had refused to relinquish the right of way to the company, or make a voluntary conveyance to defendants ; that the judge appointed three commissioners according to the prayer of the petition, to assess the damages and make report of their proceedings ; that subsequently the commissioners made the following report:

TEBO & NEOSHO RAILROAD COMPANY,

vs.

WM. QUAYLE, Defendant.

Randolph Circuit Court

The undersigned, N. G. Mattock, G. W. Dameron, F. McLean, commissioners appointed by the judge of the Randolph circuit court, in obedience to the order of said court, respectfully report that we have reviewed the lands described in said order. to-wit : part of E. half of N. W. quarter section 13, township 53, range 14, west, and taken into consideration the value of the land, and the advantages and disadvantages of the railroad to the same, and do hereby assess the damages done to the said land and the improvements thereon by the reason of the location of said road on the same, and which has been sustained by the defendant, at the sum of twenty-five dollars.    We herewith return a plat of the land thus condemned.

N. G. MATTOCK, } Commissioners.
G. W. DAMERON, }

Subscribed and sworn to before me this 11th day of April, 1872.                    W. T. AUSTIN, Clerk.

The evidence showed that on the above report the court made the following order : ''And there being no exceptions filed to the approval or confirmation of said report, it is therefore considered and ordered by the court that the said report be approved and confirmed, and the title to so much of the above land as said railroad passes over and is located upon, be vested in said railroad company ; and it is further considered and adjudged by the

court that plaintiff pay to defendant said sum of twenty-five dollars."

It is urged by counsel for plaintiff that the report of the commissioners being signed by two of them only, was a nullity, and that the judgment of the court rendered thereon was void, and that the court below erred in receiving them as evidence.

As this action of the court is the material point in the case, and is decisive of all other questions raised, our attention will be directed chiefly to it.

The law under which the proceedings to condemn plaintiff's land were instituted, provides, that if the owner of land through which a railroad shall pass, shall refuse to relinquish the right of way, or make a voluntary conveyance to the company, the facts of the case shall be stated to the judge of the circuit court of the county in which the land is situated ; and said judge shall appoint three disinterested citizens of the county in which the lands are situated, who shall view the land, assess the damages, and report, under oath, the amount assessed, with a plat of the land condemned.

It further provides, that if objections are filed within ten days after filing the report, they shall be examined by the judge or court, and if sustained, other commissioners shall be appointed till a report is confirmed, and if overruled, or no objections are filed in the time prescribed, the court may enter judgment, vesting title to the land in the company, and requiring payment to the land owner of the damages assessed.

It is not pretended in this case that plaintiff did not receive the notice required to be given him, nor that the petition asking for the appointment of commissioners failed to state any fact necessary to confer the power on the judge or court to proceed in regard to the subject matter of the petition. The allegations made in the petition, that the owner had refused to relinquish the right of way, or make a voluntary conveyance, and that five days' notice had been given previous to its presentation, brings it within the principle of the decisions to which we have been referred by plaintiff's counsel, viz : 44 Mo. 542 ; Shaffner vs. City of St. Louis, 31 Mo. 272 ; Leslie vs. City of St. Louis, 47 Mo.

479; Ells vs. Pac. R. R. Co., 51 Mo. 200. The only question decided in the cases referred to, was, that notice and refusal of the owner to relinquish right of way were jurisdictional facts, and that, unless they affirmatively appeared, the court would be powerless to proceed, both for want of jurisdiction of the person and subject matter, and that a judgment entered in a case where these facts did not appear, would be void. In this case no such question arises, for the notice of the proceeding, which was given to the plaintiff, conferred jurisdiction of the person, and the facts stated in the petition for the appointment of commissioners, were sufficient to give the court jurisdiction of the subject matter. If, after the judge had thus acquired jurisdiction both of the person and subject matter, he had appointed three citizens of Randolph county, where the land is situated, two of whom were interested and one disinterested (the law requiring all of them to be disinterested), could the plaintiff attack the judgment which might afterwards be rendered on their report in a collateral proceeding? We apprehend not. The action of the court in the appointment of such commissioners would be simply irregular and erroneous, and a judgment rendered on a report made by them could not be assailed in a collateral proceeding. The report of the commissioners in this case, though only signed by two of the three, was sufficient to authorize the court to render the judgment upon it which was rendered. It purports on its face to be the report of the commissioners, and the court properly so regarded it. The question of the sufficiency of the report is disposed of, and the objection which plaintiff now makes is answered by section 6, p. 887, Wagn. Stat.

This section provides, "that the construction of all statutes of this State shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or context of the same statute." "Words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority." Applying this rule of construction—without regard to the question as it is at common law, or as it may have been decided by the different courts in the different States—to

the statute authorizing the appointment of three commissioners to condemn land for a public purpose, the whole subject is relieved of all difficulty. What is the joint authority conferred on the three commissioners? It is to view the land, assess the damages and make report. It is not expressed in the statute that all of the three shall join in the view of the land, the assessment of the damages or in making the report, and therefore, according to the rule of construction laid down by the legislature, any two of them might act, and perform all these duties, unless such a construction would not only be repugnant, but plainly repugnant, to the intention of the legislature in requiring them to be appointed.

We can perceive no such repugnancy. The intention of the legislature in designating three as the number to be appointed, was, doubtless, to secure a majority decision which might not be secured by the appointment of two or four, and if two did qualify, meet, act and concur, this intention would be effectuated. This same rule of construction was applied by this court, in the case of Moore vs. Wingate (53 Mo. 398), to the statute regulating sales of real estate by an administrator. In such cases the statute provides, that, before an executor or administrator can sell real estate, he shall have it appraised by three disinterested householders of the county, who shall view and appraise the estate, and deliver, under oath, a certificate of appraisement. In the above case it appeared that the report of the appraisement was made by only two of the appraisers, and this court held, under the rule of construction prescribed by the legislature, that the report was sufficient.

The language used by the legislature in requiring three appraisers to view, appraise and report, is the same in its terms as the language employed in the act requiring three commissioners to be appointed to view, assess damages and report, in proceedings to condemn land for railroad purposes. In opposition to this view we have been referred to Wood vs. Phelps County Court (28 Mo. 119). The sole question in that case before the court, was, whether an appeal would lie from on order of the county court confirming the report of two commissioners to locate

the county seat of Phelps county, which was made under a law of the legislature, constituting three persons named therein as a board to locate said county seat. The law contained a provision that a majority should be sufficient to locate the county seat, and the further provision that, should one or more fail to act, the county court of the county where the delinquent resided might supply the vacancy by appointing another.

It appeared in the case, that one of the commissioners failed to qualify and act, and that the other two proceeded to locate the county seat and make their report, which was confirmed by an order of the county court; that afterwards, Wood and others filed a petition objecting to the action of the commissioners in locating the county seat, and asking the court to make an order removing it, and also for the appointment of five commissioners to select another site. The record shows that the county court made the following order: "Now on this day come the petitioners and present their motion to the county court, for an investigation of the alleged illegality of the location of the county seat of Phelps county, which motion was by the court overruled, whereupon petitioners gave notice of appeal," and thereupon an appeal was taken to the circuit court. The appeal was dismissed by the circuit court, and an appeal taken from that court to this court.

It is manifest that the only point before the court for decision was, whether, in such case, an appeal under the law could be taken, and the court decided that it could not, and affirmed the judgment of the circuit court in dismissing it. After thus disposing of the case, it is added that "the report of the two commissioners should have been rejected, and the county court ought to vacate the order." The reason assigned in the opinion is, that "although the statute permitted a majority to locate the county seat, it contemplated that all should meet and confer, because it expressly provides, that in case one or more of them resigns, the county court of the county wherein the delinquent resided, should supply his place by appointing another." It thus appearing on the face of the statute, according to the dicta of the judge construing it, that the legislature intended that all should meet and confer, but that a majority might report the re-

sult of the conference, that rule was announced as the rule which should govern that case.

But in the statute we are considering there are no such words used, expressive of any such intention on the part of the legislature, and, therefore, the legislative rules of construction, as laid down in Wagn. Stat. (§ 6, p. 887) must be applied. It might, with equal propriety, have been said, in the case of Wood vs. Phelps County Court, that the object of the legislature in authorizing a vacancy to be filled, if any occurred, by the county court of the county where the vacancy occurred, was to prevent a tie vote of the commissioners as to the location of the county seat.

Besides this, in disposing of the question, the court says the county court ought to set aside the order of the court approving the report of the commissioners, thus clearly indicating that the order of the county court was not void, but simply erroneous or irregular. We cannot undertake to give to the statute authorizing the appointment of three commissioners to condemn land for a public purpose, so forced and strained a construction as to say that the legislature enacting it plainly intended that all three of them should meet and confer before a majority could report.

We think there was no error committed by the court below in receiving the evidence.

The judgment is affirmed. The other judges concur.