MITCHELL, *Plaintiff in Error*, v. KANSAS CITY & INDE-
PENDENCE RAPID TRANSIT RAILWAY.

Division Two, March 23, 1897.

1. **Ejectment**: COUNTY COURTS: RES ADJUDICATA. When a county
court in a proceeding to establish a public road has jurisdiction of
the subject-matter and due notice of the application of the petitioners
has been given, its judgment is conclusive of the fact that the signa-
ture of the maker of the relinquishment of the right of way is gen-
uine, and such relinquishment can not be attacked in a subsequent
suit in ejectment in the circuit court, brought by the grantee of such
maker, even though the maker's certificate of acknowledgment was
not attached to such relinquishment, and there is no affirmative
proof that the maker had acknowledged it.

2. ———: ———: ———: COLLATERAL PROCEEDINGS. Where the
county court acquires jurisdiction of an application to establish a
public road, its judgment is conclusive as to its findings in all collat-
eral proceedings in which they may be drawn in question.

*Error to the Jackson Circuit Court.*—HON. J. H. SLOVER,
Judge.

AFFIRMED.

*Kinley, Carskadon & Kinley* for plaintiff in error.

(1) The petition for the opening of the road,
embracing the land in controversy, should not have
been admitted in evidence, because the same does
not purport to be signed by Mollie C. Hutchison, plain-
tiff's grantor; the signature of Thomas Hutchison to
said application can not bind his wife, Mollie C. Hutch-
ison. The relinquishment of the right of way should
not have been admitted in evidence over plaintiff's
objections because it does not purport to be signed by
plaintiff's grantor, Mollie C. Hutchison. The gen-
uineness of the signature, "Mary" Hutchison, for Mol-

lie C. Hutchison, was disputed; there was no proof of any kind, either by acknowledgment or otherwise that said name was signed by Mollie C. Hutchison, hence same should have been excluded.   *McBeth v. Trabu*ᵒ, 69 Mo. 642.   (2) The instructions asked by plaintiff to the effect that as to her estate in land where she is simply invested with the legal estate thereof, a *femme covert* can not be bound by facts creating an estoppel *in pais*, nor will an alleged estoppel *in pais* deprive her of any interest in such estate.   *Brown v. Miller*, 46 Mo. App. 1; *Henry v. Sneed*, 99 Mo. 426.   (3) To divest a married woman of her title in land to which she holds the legal estate, she must join with her husband in a deed duly acknowledged; all other methods are prohibited.   R. S. 1879, 669; R. S. 1889, 2396.   (4) The court erred in refusing instruction number 2, asked by plaintiff; this instruction presented the proposition that no acts of the husband of Mollie C. Hutchison could divest her of her title in and to the land in controversy, and that her conveyance, her husband joining, vested the title to the land in controversy in plaintiff.   *City Marshal v. Anderson*, 78 Mo. 85; *Bartlett v. Roberts, Interpleader*, 26 Mo. App. 611;   *Mueller v. Kaessmann*, 84 Mo. 318; *McBeth v. Trabue*, 69 Mo. 642; sec. 20, art. 2, Constitution Mo.   (5) The instruction, that under the evidence and indisputed facts the plaintiff was entitled to recover the land in question, should have been given. There was no evidence in the case tending to show that Mollie C. Hutchison by any means had conveyed or otherwise divested herself of her legal estate in the land in controversy, except by her duly acknowledged conveyance to plaintiff, in which her husband joined, hence the title to the strip of ground in litigation was in plaintiff and he should have had judgment therefor. *Hord v. Taubman*, 79 Mo. 101; *Hoskinson v. Adkins*, 77 Mo. 537.

*Karnes, Holmes & Krauthoff* for defendant in error.

(1)   The proceedings for the establishment of the "Porter Road" as a public road or highway were begun and prosecuted under the general road law of 1883. The petition for the establishment of the road stated every jurisdictional fact, was signed by the requisite number of freeholders, and due notice of the application was given and shown to the satisfaction of the county court, and it thereby obtained jurisdiction to establish said proposed road. *Rose v. Kansas City*, 128 Mo. 135, 138; Laws of 1883, p. 159; *Millcreek Township v. Reed*, 29 Pa. St. 195, 197; *Jeffries v. Wright*, 51 Mo. 215, 221; *Union Depot Co. v. Frederick*, 117 Mo. 138, 149; *Crenshaw v. Snyder*, 117 Mo. 167, 177.   (2)   This case does not rest on any claim of estoppel *in pais* as counsel for plaintiff in error erroneously assume.   It is, as we have seen, a case of *res judicata*, of estoppel by the record, the record of the county court in the road proceedings, by which married women are as much bound as others.   *United States v. Arredondo*, 6 Peters, 691, 729; *Aurora v. West*, 7 Wall. 82, 105; *Warwick v. Underwood*, 3 Head, 238; 1 Freeman on Judg. [4 Ed.], sec. 247.   (3)   It is clear from the foregoing discussion and authorities cited, that the argument of counsel for plaintiff in error to the effect that Mrs. Hutchison's relinquishment of right of way was void on the ground that it was not acknowledged in the manner required by the statute in the case of conveyances by married women of their legal estate in lands by deed, is irrelevant in this collateral action, because no such question can now be raised.   It has passed *in rem judicatam*.   R. S. 1879, sec. 7374.   (4)   The possession of the defendant was not of such a character as to authorize ejectment to be brought against it.   The only proper de-

fendant was Jackson county. County courts have express authority to authorize use of highways by railroads. R. S. 1889, sec. 2543; R. S. 1879, sec. 765; *Julia Bldg. Ass'n v. Bell Tel. Co.*, 88 Mo. 258, 270, and cases cited; *Gauss v. St. L., K. & N. W. R'y Co.*, 113 Mo. 308.

GANTT, P. J.—This is an action of ejectment in a statutory form for a strip of land, described by metes and bounds, which constitutes a part of a public road known in Jackson county as the "Porter Road."

The defendant is a railroad company which built its railroad on and along said county road, and is operating it by permission of the county court of Jackson county and has no other possession of said strip and makes no claim other than as the licensee of the county court.

The railroad was constructed and put in operation over the strip in question in 1886 or 1887 and large numbers of passengers are daily transported over it.

The case with perhaps the exception of one witness was submitted on an agreed statement of facts. The facts are, briefly, that on October 21, 1882, the legal title to this strip in controversy, as distinguished from the equitable or statutory separate estate therein, was vested in one Mary Hutchison, who was also known as Mollie C. Hutchison, the wife of Thomas Hutchison.

The plaintiff obtained a deed to the strip in question on August 2, 1890, from Mrs. Hutchison and her husband. On February 6, 1884, the petition was filed in the proceedings begun in the county court of Jackson county to establish and open said "Porter Road," embracing the land in question.

It was agreed that all the proceedings for establishing said road were regular and sufficient for that

purpose, except that plaintiff did not admit the genuineness of Mrs. Hutchison's signature to the relinquishment of the right of way over her land, and her relinquishment was disputed and not admitted. It was in effect stipulated between the parties that all the jurisdictional and other steps required by the statute to establish and open the public road in question were duly taken and made to appear of record, but plaintiff claims that the proceedings are void as against Mrs. Hutchison, *because no independent affirmative proof was offered of the genuineness of her signature to the relinquishment, nor that she had acknowledged the same, no certificate of acknowledgment being attatched to the same at the time of this trial,* if it had ever been there in point of fact. Mrs. Hutchison, so long as she owned the land, never questioned the validity or sufficiency of the proceedings establishing the road.

It is apparent that plaintiff assumed in the circuit court that the burden was upon the defendant of showing not merely a perfectly regular proceeding in the county court of Jackson establishing the "Porter road" but that it was called upon to reproduce the evidence upon which that court reached its judgment that Mrs. Mary, or Mollie C. Hutchison had relinquished the right of way over the strip now sued for. The jurisdiction of the county court was established by the petition read in evidence which stated every jurisdictional fact and was signed by the requisite number of freeholders, and by the admitted facts due and regular notice given of the application and all the proceedings were entirely regular. The circuit court found for defendant, and upon this record it was clearly right in so doing. The jurisdiction to establish and open public roads in their respective counties is conferred upon the county courts of this State and when in any given case one of said courts acquires jurisdic-

tion of an application to establish a road by the filing of a sufficient petition for that purpose, and the proof of the notice required by law, its judgment in such case is not open to collateral attack in any other court. All persons interested are bound to take notice of its orders and if dissatisfied with its action may appeal therefrom. It is immaterial that in the course of the proceedings some error or irregularity occurs; its judgment is none the less conclusive as to its findings in all collateral proceedings in which they may be drawn in question. *Crenshaw v. Snyder*, 117 Mo. 167; *Walker v. Likens*, 24 Mo. 298; *Quayle v. M., K. & T. R'y Co.*, 63 Mo. 465.

The law devolved upon the county court the right and duty of determining whether the right of way had been relinquished properly, and though it is an inferior court in some respects, yet within the sphere of its jurisdiction its finding is just as binding and conclusive as that of a court of general jurisdiction.

We regard it as now settled beyond all cavil that when it was admitted or shown that the county court had jurisdiction of the subject-matter and due notice of the application had been given, that its judgment was conclusive in the ejectment case. It was not incumbent on defendant to supplement that judgment by evidence of the genuineness of Mrs. Hutchison's relinquishment, or its formality. That question was settled by the judgment of the county court establishing the road. Mrs. Hutchison and her grantees are conclusively estopped by the record to which she was a party.

These principles have been so often and so recently announced that we are not disposed to enter anew upon the discussion of the rule or suggest any question of its soundness. All the objections urged to the relinquishment and other irregularities could have

been made in the county court which had the sole jurisdiction to determine them, and they were properly overruled in the circuit court on that ground. It becomes unnecessary to pass upon other points made.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.