KANSAS CITY AND NORTHERN CONNECTING RAILROAD COMPANY, Appellant, v. SHOEMAKER.

Division Two, February 26, 1901.

1. **Condemnations:** ELEMENTS OF DAMAGES. It is not error to point out to the jury in a condemnation proceeding, the elements that enter into a diminution of the market value of the farm, caused by running a railroad right of way through it. By a process of inclusion and exclusion they may be advised how to reach the amount of damages the landowner has sustained.

2. ———: ———: INSTRUCTION. The court gave this instruction for the defendant landowner: "In estimating the damages to be allowed the defendant, the jury will take into consideration the amount and value of the land taken for the right of way, the size and shape of the two tracts into which the farm is divided by the location of the right of way through it, the cuts and fills, the inconvenience in getting from one part of the farm to another on account of the location of the railroad, any inconvenience in getting to water, and will allow defendant such sum as will reasonably compensate him for the injury he has sustained by the appropriation of the right of way through the farm." *Held*, that this instruction did not authorize the jury to award damages for the cuts and fills as distinct elements of damages, but only to consider the damage to the farm resulting from these things; therefore, a proper instruction.

Appeal from Clay Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* and *J. P. Gilmore* for appellant.

(1) Where part of a tract of land is taken in a condemnation proceeding, the measure of damages is the difference between the market value thereof before, and what its market value will be after the appropriation. Railroad v. Baker, 102 Mo. 553; Railroad v. McGrew, 104 Mo. 282; Railroad v. Fowler, 142 Mo. 670; Railroad v. Ridge, 57 Mo. 601; Railroad v. Waldo, 70 Mo. 629; Railroad v. George, 145 Mo. 47; City v. Schmook, 68 Mo. 394; Railroad v. Dawley, 50 Mo. App. 484; Doyle v. Railroad, 113 Mo. 280; Welsh v. Railroad, 19 Mo. App. 127; Bridge Co. v. Ring, 58 Mo. 491; McReynolds v. Railroad, 110 Mo. 488; Railroad v. Abell, 18 Mo. App. 632. (2) The cuts and fills, size and shape of the land before and after appropriation, and incon-

veniences that may result therefrom, when to be considered at all, are facts merely bearing upon the value of the residue of land, and are to be considered only as affecting the deterioration or increase in value thereof. The landowner can not recover for such as items of damages. Railroad v. Dawley, 58 Mo. App. 480; Ragan v. Railroad, 144 Mo. 23; Railroad v. McGrew, 102 Mo. 553; Railroad v. McCloskey, 110 Pa. St. 455; Railroad v. Vance, 115 Pa. St. 325; Setzler v. Railroad, 112 Pa. St. 56; Railroad v. Murphine, 4 Wash. 448; Snyder v. Railroad, 25 Wis. 60; In re Railroad Company, 56 Barb. 464; Curtin v. Railroad, 19 Atl. Rep. 740; Henry v. Railroad, 2 Iowa, 288; Kennedy v. Railroad, 2 Iowa, 521; Hartshorn v. Railroad, 52 Iowa, 613; Smith v. Kansas City, 128 Mo. 23. (3) Defendant's instruction numbered 1 is manifestly erroneous. Hawes v. Stock Yards Co., 103 Mo. 60; Badgley v. City, 149 Mo. 134; Matney v. Gregg Bros. Co., 19 Mo. App. 107; Kick v. Doerste, 45 Mo. App. 141; Smith v. City, 128 Mo. 23.

*Sandusky & Sandusky* for respondent.

Respondent's instruction numbered 1 is sufficiently definite; if appellant considered its language too general, it should have asked a modification in an instruction presenting its views. Browning v. Railroad, 124 Mo. 56; Tetherow v. Railroad, 98 Mo. 86; Schultz v. Moon, 33 Mo. App. 341; Hickman v. City of Kansas, 120 Mo. 121. (2) Respondent's instruction numbered 1 affirmatively stated the matters proper to be considered in estimating the injury, and appellant's instructions excluded everything not proper to be considered. The jury could not have misunderstood the instructions, and could not have been misled, especially in view of the evidence introduced upon both sides, and of the theory upon which both sides tried the case.

GANTT, J.—On October 14, 1897, the plaintiff railroad company instituted a condemnation proceeding in the circuit court of Clinton county to condemn a right of way about three-fourths of a mile in length and containing 9.33 acres, through the farm of defendant Shoemaker. Commissioners were appointed, damages assessed and exceptions duly filed.

Upon proper application a change of venue was awarded to Clay county. At the March term, 1898, a jury trial was had and the defendant's damages caused by the appropriation were assessed at $2,500. This appeal is from the judgment entered upon that verdict in the Clay Circuit Court.

There is but one assignment of error and that relates to the sufficiency of the first instruction given by the court for the defendant.

In order, however, that the sufficiency of that instruction may be properly tested we deem it proper that the whole series should be considered with it, and the evidence in substance.

The plaintiff in its abstract of the record says:

"To sustain the issues on behalf of both defendant and plaintiff, evidence was introduced tending to prove the facts upon which the instructions in each behalf were predicated, and especially evidence tending to show the value of that part of defendant Shoemaker's land which was taken, and the depreciation in the value of the residue thereof, and also the value of the land before the right of way was taken, and what its value would be thereafter, there being a substantial conflict in the estimates of the witness on behalf of defendant, and plaintiff, respectively."

"As indicating the theory on which defendant sought to show his damages, the following question was put to all or nearly all of his witnesses:

" 'Question: Now, Mr. Jones, taking into consideration the quantity of land taken, which is agreed to be 9.33 acres, the size and shape of the tracts into which the one tract is divided, as its market value may be affected by that division into those sizes and shapes, and the cuts and fills on that tract, and the difficulty, if any, of getting from one side to another by having to go to a railroad crossing to get over from one side to the other, what in your opinion would be the depreciation in value of the tract on account of those inconveniences ? Answer: I don't know that I fully understand the question.

" 'Question: The question is, taking into consideration all these elements that may affect the market value of the farm—the land taken, the division of the one tract into two, the cuts and fills, the inconveniences of getting from one side to the other, and all these matters that affect the market value of the land or depreciate its value, what in your judgment would be the amount of that depreciation to the entire tract ? Answer: I think the value of the land, which you said was about nine and one-third acres, I don't know the exact amount, figure that at an average price, and the damages to the entire farm as a whole, I think it would run in the neighborhood of $2,800 or $2,850, perhaps.' "

Other witnesses in answer to the same question estimated the damages at a smaller sum.

At the close of all the evidence, the court instructed the jury, on behalf of *defendant,* Shoemaker, as follows:

"1. In estimating the damages to be allowed the defendant, the jury will take into consideration the amount and value of the land taken for the right of way, the size and shape of the two tracts into which the farm is divided by the location of the right of way through it, the cuts and fills, the inconvenience in getting from one part of the farm to another on account of the location of the railroad, any inconvenience in

getting to water, and will allow defendant such sum as will reasonably compensate him for the injury he has sustained by the appropriation of the right of way through the farm.

"2.   The jury will make their estimate of damages as of the date when the commissioners acted, on the second day of November, 1897.

"3.   In estimating the defendant's damages, the jury will take into consideration the fact that the east 160 acres of the farm is under lease, expiring March 1, 1899, and that the lessee under said lease is entitled to the possession of said 160 acres until said March 1, 1899."

To the giving of which instructions in behalf of defendant Shoemaker, plaintiff, at the time excepted, and still excepts.

And on behalf of *plaintiff* the court instructed the jury as follows:

"1.   The court instructs the jury that under the law the railroad company will be liable hereafter to the defendant for any damages which he may sustain by reason of destruction of property by fire which may be set or caused by the trains of the railroad company in operating its line, and any such damages, if any he ever sustain, will be the proper subject-matter of future actions; but in determining the amount of compensation which you will allow the defendant in this action, you can not take into consideration nor allow any sum or amount whatever on account of exposure or liability of property to damage or destruction by fire caused or set by the trains in the operation of the road.

"2.   The court instructs the jury that in arriving at your verdict and in estimating the amount of damages, if any, which you will allow the defendant, you should not take into consideration as an element of damage, any danger to life and limb, if any, which may arise from trains passing over the road.

K. C. & N. C. Ry. Co. v. Shoemaker.

"3. The court instructs the jury that when you retire to your room to consider your verdict in this case, you have no right to determine the amount of your verdict by marking down the amount estimated by each juror and by addition ascertain the sum total and then dividing by twelve, the number of the jury, and that all verdicts arrived at in that manner are unlawful and illegal.

"4. The court instructs the jury that the phrase 'market value,' as used in these instructions, does not mean what the defendant holds the land at, nor what he asks for it, nor does it mean what the land may be worth to any particular person for any particular purpose, but said phrase does mean the fair selling value of the land in the market to be used for any of the purposes to which it is susceptible of being put, either in its present condition or any condition to which it is susceptible of being changed.

"5. The court instructs the jury that in arriving at your verdict and in estimating the amount of damages, if any, which you will allow the defendant, you should not take into consideration any damage, if any, which may arise from or be due to smoke or noise from trains passing over the road, or the ringing of bells or sounding of whistles.

"6. The court instructs the jury that in arriving at your verdict and in estimating the amount of damages, if any, which you will allow the defendant, you should not take into consideration any damage, if any, which may arise from the scaring, frightening or killing of animals while on the right of way, or the danger to person of the owner, his agents or servants, in crossing said railroad.

"7. The court instructs the jury that the law requires the plaintiff railway company to fence its right of way and to construct all necessary gates and farm crossings and in estimating damages the jury will consider all necessary fences and farm crossings as actually made."

Under the instructions of the court the jury returned a verdict in favor of the defendant Peter B. Shoemaker, assessing his damages in the sum of $2,500.

As already said, the only complaint in this court, is of the first instruction given for defendant.

Learned counsel for plaintiff rightfully say, that "when part of a tract of land is taken in a condemnation proceeding, the measure of damages is the difference between the market value thereof before, and what its market value will be after, the appropriation," or as it is sometimes stated, "In estimating the damages sustained by the condemnation of property for the purposes of a street or right of way, when the whole lot has not been taken, the value of the land taken should be found, and then the increase or diminution in value of the remaining portion, or the damages may be computed by ascertaining the difference between the value of the entire lot, with improvements, before, and the value of the premises remaining after, the condemnation." [Railroad v. Fowler, 142 Mo. 670; Railroad v. Ridge, 57 Mo. 601; Railroad v. Waldo, 70 Mo. 629; Railroad v. George, 145 Mo. 47.] Nor do we understand that counsel for defendant controverts this as being the true rule, but they say there is nothing in said instruction in conflict with the well-settled rule in this State. While accepting the doctrine announced in the cases above cited, and many others to the same effect, they say there is no error on the part of the circuit court in advising the jury that in arriving at the depreciation in the remainder of the farm, they might consider certain elements and exclude others.

Thus, in reaching their conclusion as to the market value of the portion of defendant's farm which was not appropriated, they may, in estimating the diminution in value of the part left, take into consideration the amount and value of the land

taken for the right of way; the size and shape of the two tracts into which the farm is divided by the location of the road through it, the *cuts and fills,* the inconvenience in getting from one part of the farm to the other, any inconvenience in getting to water," and on the other hand, they were instructed on the part of the plaintiff that in reaching the amount of the damages they would not consider any damage that might result from fires in the future, as such would be the subject-matter of future actions, nor should they consider the danger to life or limb from trains passing over the road; nor any damage from smoke or noise from trains passing over the road or from ringing of bells or sounding of whistles, and the court expressly advised them what was meant by market value. In a word, by a process of exclusion and inclusion the jury were advised how to reach the amount of damages defendant had suffered by the appropriation of his land, both as to the part taken for right of way and the depreciation in the market value of the portion not taken.

Surely there was no error in directing the jury what elements they might consider in reaching a diminution in the market value, as the instruction is practically a rescript of the language of this court in Railroad v. Story, 96 Mo. loc. cit. 622, in which it is said: "There are numerous authorities holding that 'cuts' and 'fills' made by a railroad passing through a man's farm, and the inconvenience to which he will be subjected by making it more difficult to reach the several portions of the land, are proper subjects for consideration in estimating the damages sustained," citing Mills on Eminent Domain, secs. 166, 189.

The circuit court no where, in any instruction given, certainly not in this first instruction, authorized the jury to give defendant for the cuts and fills and the inconveniences in getting from one part of the farm to the other, caused by

the road passing through it, as distinct elements of damages. It did rightfully permit and direct them that, in estimating the depreciation in the market value of the part left after the appropriation, they should consider those things which common experience and the law teaches us would diminish the market value of the farm, but only as bearing upon the question of the value as affected by the appropriation of a part and a depreciation of the remainder by reason thereof. Not only did the instructions given have this meaning, but the whole trend of the evidence was directed to that issue and that alone, and there was no proof of how much damage any one of the elements alone or for that matter all of them together, as mere items of damage, amounted to, but the object of the questions to the witnesses was, as said by plaintiff in its statement, to show the value of that part of the same which was taken and the depreciation in the value of the residue thereof, and of the value of the farm before the right of way was taken, and what its value would be after the appropriation of the right of way.

It was the injury to the farm for which the jury were to allow the compensation, and to this end all the evidence was directed. There was no error in the admission of the testimony, and none as we have seen in the elements which the jury might consider in reaching their estimate as to the depreciation in the value of the farm.

But counsel assert the court did not say the damage was the difference between the market value before and the market value after the appropriation. The answer is, the failure to do so was mere non-direction, not mis-direction, and was not error in a civil case. If counsel desired the court to say that, in addition to what it had already said, they should have asked the instruction. Such is the rule in this court in civil cases. [Browning v. Railroad, 124 Mo. 71; Hickman v. Kansas City, 120 Mo. 110.]

An examination of the whole record satisfies us the case was properly tried to the jury, and limited as the evidence was to the one issue. We can not see how the jury could have been misled, especially as the instructions on both sides limited them to the proper elements of damage.

The judgment must be and is affirmed.

All concur.