MARY PARMAN, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. JURORS: Statute: Signing Verdict: Reading and Writing. The mere signing a verdict by his mark is not alone sufficient to overcome the presumed qualification of a juror on the ground that he can not read and write the English language as required by the statute.

2. DAMAGES: Instruction: Defendant's Duty. An instruction in general terms that the damages should fairly compensate for injuries received is held sufficient since it was correct as far as it went and it was with defendant to make it more specific if desired.

Appeal from Jackson Circuit Court.—*Hon. Edw. P. Gates*, Judge.

AFFIRMED.

*R. J. Ingraham*, city counselor and *L. E. Durham* for appellant.

(1) Plaintiff's instruction on measure of dam- ages is too vague and should not have been given. Hawes v. Stock Yds. Co., 103 Mo. 60; Camp v. Rail- road, 94 Mo. App. 272; Badgley v. St. Louis, 149 Mo. 134; Stephen v. Railroad, 96 Mo. 207. (2) One of the jury was unable to write his name and hence there was not a competent jury in the cause. The court erred in not granting a new trial for this reason. R. S.

1899, sec. L 3799; State v. Welsor, 111 Mo. 571; Johnson v. State, 21 Tex. App. 378; Rainey v. State, 20 Tex. App. 473; Mabry v. State, 71 Miss. 716. (3) Defendant had the right to presume that all the jurors possessed statutory qualifications, and if after trial it develops a juror could not write, defendant is entitled to a new trial. Road Co. v. Railroad, 13 Ind. 90; Mann v. Fairlee, 44 Vt. 672; Biggs v. Georgia, 15 Vt. 72; State v. Groome, 10 Iowa 316; Lane v. Scoville, 16 Kan. 405.

*Charles W. Clarke, A. S. Lyman* and *C. A. Miller* for respondent.

(1) Even though the court may think the instructions on the measure of damages are not as clear as they should have been; yet considering the evidence and the amount of the judgment, the court must conclude that the error, if there was error, was harmless and is not ground for granting a new trial. R. S. 1899, sec. 865; Haniford case, 103 Mo. 174. (2) The second assignment of error is because one of the ten jurors who signed the verdict signed by his mark; for this reason alone, this court is asked to grant a new trial. This contention is directly in conflict with sec. 3763, Revised Statutes 1899, and the express decision of this court in Pitt v. Bishop, 53 Mo. App. 603; Ledlie v. Gamble, 35 Mo. App. 356; Boteler v. Roy, 40 Mo. App. 238.

ELLISON, J.—This action is for damages alleged to have resulted to plaintiff by reason of a fall on one of defendant's sidewalks alleged to have been negligently maintained. The judgment in the trial court was for plaintiff. It appears from the record that the verdict was found by the concurrence of ten of the jurors and that one of these signed the verdict by what is commonly known as making his mark; that is, his name was signed by one of the other jurors and he made his

mark, or cross, thereon.   The verdict and judgment is
attacked for the reason that the juror not being able to
write was not a qualified juror.   Our statute (sec. 3799,
Revised Statutes 1899) reads; "None of the following
persons shall be permitted to serve as jurors: . . ;
third, any person who is not sufficiently acquainted with
the English language to read and write the same, and
to understand thoroughly the proceedings ordinarily
had in courts of justice. . . ."

The only evidence we have that the juror com-
plained of could not write, is that he made his signa-
ture to the verdict by making his mark, as above stated.
We do not regard that as sufficient to establish his
disqualification.   It does not follow but that he may
have been a scholar and in every way qualified, but
with a disabled hand, he adopted the method stated as
the best means he had of giving his consent to the ver-
dict.   We are satisfied that the mere signing by mark,
was not, alone, sufficient to overcome the presumption
of qualification which arose when he was accepted on the
panel by the court and the parties as competent.   This
view makes it unnecessary to discuss the point as to
when defendant should have made known its objection.

The remaining objection to the judgment is error
claimed in an instruction for plaintiff, by reason of its
generality.   The instruction in general terms informed
the jury that there might be allowed damages in such
sum as would justly and fairly compensate her for the
injury she received, if any, and for the pain and suf-
fering occasioned thereby.   The instruction was gen-
eral, but was correct as far as it went; and if desired to
be more specific, defendant should have framed one
with that end in view, which would have made it as per-
fect as it is now claimed it should have been.   Brown-
ing v. Railroad, 124 Mo. 55; Barth v. Railroad, 142 Mo.
535; Matthews v. Railroad, 142 Mo. 645; Robertson v.
Railroad, 152 Mo. 382; Harmon v. Donohoe, 153 Mo.

263; Railroad v. Shoemaker, 160 Mo. 425; Wheeler v. Bowles, 163 Mo. 398, 409; Haymaker v. Adams, 61 Mo. App. 581, 585. In the two last cases will be found a statement of cases formerly holding a different view which have been overruled by those here cited.

It follows from the foregoing that the judgment should be affirmed. All concur.