St. Louis and Kansas City Railway Company, Appellant, v. Russell et al.

|150  453
|152  610

Division One, June 14, 1899.

Condemnations: COMMISSIONERS' AWARD WITHDRAWN: AMOUNT OF JUDGMENT. In a condemnation proceeding for the right of way for a railroad, where there has been paid to the landowners the amount of the commissioners' award, and at a subsequent trial by a jury they assess the damages at a sum in excess of such award, the judgment should not be for the entire amount of the verdict, but for the difference between the award and the verdict. But, where the judgment has been for the entire amount awarded by the jury, and on appeal it is impossible to determine whether or not the commissioners' award was ever paid defendants, and there is nothing in the record to show that the matter was ever formally brought to the attention of the trial court, the appellate court will not interfere.

*Appeal from Johnson Circuit Court.*—Hon. Geo. F. Longan, Special Judge.

Affirmed.

Geo. P. B. Jackson for appellant.

The judgment was erroneous and the motion in arrest should have been sustained. Plaintiff was entitled to a judgment condemning a right of way over the land described in the petition and vesting in plaintiff an easement in defendant's land for the purposes of such right of way upon payment of the excess of the verdict over the amount awarded by the commissioners and received by defendant. Instead of that the court simply rendered an ordinary money judgment against plaintiff for the amount of the verdict of the jury, without any credit or adjustment on account of the money paid by plaintiff to the clerk and received by defendant. This was wrong and should have been corrected on the motion in arrest. Railroad v. Clark, 119 Mo. 357.

O. L. Houts for respondents.

The case of The St. Louis & Kansas City Railway Company v. Donovan, 149 Mo. 93, settles every proposition involved in the record in this case. The Donovan case was well considered, and motion for rehearing filed, considered and overruled.

VALLIANT, J.—This is a proceeding to condemn a right of way for plaintiffs' railroad through defendants' farm. Upon the filing of the petition in the office of the circuit clerk of Johnson county in vacation, the clerk issued a summons to the defendants to appear before the judge of that court on August 8th, 1895, which was duly served, and the defendants appeared as required. Thereupon the judge of that circuit heard the petition, and after finding the facts on which to base his order, appointed commissioners as the statute requires, who filed their report showing that they had performed the duty imposed on them and assessed the defendants' damages by reason of the appropriation of their land and the operation and maintenance of plaintiff's railroad thereon at $4,007.

The sum was deposited by the plaintiff with the clerk of the court, the plaintiff took possession of the land and the defendants received the money from the clerk. Both parties filed exceptions to the report and demanded a jury to assess the damages. Plaintiff afterwards withdrew its demand for a jury, but insisted on its exception to the commissioners' award on the ground that it was excessive. At the October term, 1895, the court made an order sustaining the exceptions, setting aside the report of commissioners and directed a reassessment of damages to be made by a jury. Accordingly a jury was impaneled and the inquiry had, which resulted in awarding the defendants $5,500 damages. Thereupon a judgment in the usual form was entered for that sum in favor of defendants against the plaintiff, and a decree vesting

the title to the land condemned in plaintiff for the purpose of a right of way to take effect on the payment of the money judgment.

The cause is here on plaintiff's appeal.   The facts shown by the record in this case are in all respects similar to those which passed under our judgment at this term of court in the case of St. Louis & Kansas City R'y Co. v. Donovan, 149 Mo. 93, with only the difference that in that case there was nothing to show that the defendants had withdrawn from the clerk the amount of the commissioner's award, and there was nothing in the judgment vesting the title to the land condemned in the plaintiff.

The consideration of this case has necessarily brought up for reconsideration the propositions involved in the case above mentioned, and as we are satisfied that the conclusions reached in that case were correct there is no necessity for a further discussion of those propositions except in the light of the difference in the first, as above noted.

It was urged in the Donovan case, and is urged with renewed force here, that the defendants were not entitled to a judgment for the full amount of the jury's verdict when it appeared that they had already received a large part of the amount in the form of the commissioners' award.

The principle contended by the plaintiff's counsel is correct, and if the facts in the case are as claimed, and if they had been brought to the attention of the trial court at the time, the judgment should have contained a recital of those facts and should have been rendered for only the difference between the award of the jury and the amount already received by the defendant.   But it does not appear that the matter was brought to the attention of the court in any form in which it could be so treated.

The record on this point, although not entirely barren, as in the Donovan case, is yet very meagre.   We infer from the recital in the record that the money was deposited with the

clerk in vacation and by him in vacation delivered to defendants. At the trial the plaintiff's counsel referred to this fact as a ground for an oral motion to overrule the defendant's exceptions to the commissioners' report. And again in the motion for a new trial it is referred to not as entitling the plaintiff to a reduction of the judgment, but as error in the court to hear the exceptions without first requiring the defendants to refund the money received from the clerk, it was only in that connection and for those purposes, that the matter was brought to the attention of the court, or that the court was asked to predicate any action upon it. And even then the counsel seem to have only assumed that it was a fact, and that the court knew it. But it does not appear in the record here that it was a matter of record in such shape as that the trial court could take cognizance of it, nor was there any proof of it offered to the court, nor does it appear that it was brought to the trial court's attention at the only juncture in the proceedings in which it was proper to be taken into consideration. If the fact that the defendant withdrew from the clerk the amount of the commissioners' award is in such shape on the record of the circuit court as would entitle the plaintiff to a judgment here correcting the judgment of that court, or remanding it to be corrected, a transcript of that part of the record ought to be here; in its absence we can not assume that the circuit court erred in the form of the judgment it rendered. There is nothing in this record on that point but a recital which is meagre and unsatisfactory, and not sufficient to authorize this court to pronounce the judgment of the circuit court incorrect. The matter, for the purpose of giving the plaintiff credit for any payment to which the record in the circuit court may show him entitled, is still in the hands of that court.

We perceive no error in the record, and therefore the judgment is affirmed. All concur.