CHICAGO GREAT WESTERN RAILROAD COM-
PANY v. BERNARD P. KEMPER et al.; JOHN
HOLTMAN, Appellant.

Division One, April 2, 1914.

1. **JURISDICTION: Change of Venue: Use of the Word "Court"
   for Cause.** Defendant's objection to the jurisdiction of the
   circuit court to which the case was taken by change of venue
   on the ground that the order used the word "court" instead of
   the word "cause," the order reading "and the venue of said
   court is accordingly hereby ordered changed to the said circuit
   court of Andrew county," should be overruled on appeal (1)
   because if the order really uses the word "court" it was a
   mere clerical mistake and (2) appellant relied on no such mis-
   take in the trial court.

2. **CONDEMNATION: Taking Down Award: Questions Settled
   Thereby.** The landowner, by taking down the award of dam-
   ages paid into court for his benefit, estops himself to question
   the company's right to condemn the land and all irregularities
   in the proceedings anterior thereto, and every other question
   except an inquiry before a jury as to the amount of compensa-
   tion to be allowed him, and except perhaps the question of the
   want of jurisdiction in the court.

3. ————: **Measure of Damages: Instructions: Read Together.**
   An instruction telling the jury that "the plaintiff has the right
   under the law to take and appropriate the strip of ground con-
   taining 9.33 acres described in the pleadings and evidence, upon
   paying to defendant just compensation therefor, and that the
   only matter for the jury to determine in this cause is the just
   compensation to be paid by the plaintiff to defendant" is not
   erroneous when read in connection with other instructions tell-
   ing the jury that in determining the just compensation to which
   defendant is entitled the jury should ascertain: "first, the
   market value of the land actually taken; second, the diminu-
   tion in value of the remainder of said farm, if any, as a result
   of the taking of the part that is condemned, and of the use to
   which such part is to be put by the railroad company," from
   which is to be deducted any special or peculiar benefits, etc.

4. ————: ————: **Smoke and Noises, etc.** Where the landowner
   asked and received an instruction telling the jury that in de-
   termining his damages they are not to "take into consideration
   such inconveniences to defendant as are the consequences of

the lawful and proper use by the railroad company of said terminal facilities" he cannot complain that plaintiff's instruction mentioned as such inconveniences "smoke or noise from passing trains or from ringing of bells or sounding of whistles."

5. ———: ———: **Segregated Tracks.** Testimony about the use of forty acres about three-fourths of a mile from the farm out of which the land condemned was taken should be excluded in the absence of proof that the two tracts were especially adapted to one use and that they had a peculiar value because of such adaptability in excess of what the two would have been worth on the market as separate tracts.

6. ———: **Commissioners' Award in Excess of Verdict.** Where the commissioners' award of damages was paid into court and taken down by the landowner and he was accorded a jury trial which assessed his damages at a sum less than that award, the judgment should be reversed and the cause remanded in order that the trial court may adjust its judgment to the facts and rights of the parties, but not for a new trial, and the costs of the appeal should be taxed against the appellant.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. C. Growney* for appellant.

(1) Appellant questions the validity of the order entered by Judge Ellison, in awarding a change of venue herein, from the circuit court of Nodaway county to that of Andrew county, said order reciting, viz: "And the venue of said court is accordingly, hereby ordered, changed to the said circuit court of Andrew county." Said order is a nullity, and no jurisdiction has been acquired by the latter court of the subject-matter of this suit, and the proceedings had in the Andrew Circuit Court are *coram non judice*. Stearns v. Railroad, 94 Mo. 317; State v. Wear, 145 Mo. 163; R. S. 1909, sec. 1932; Collier v. Wilson, 56 Mo. App. 420; Drainage Dist. v. Campbell, 154 Mo. 151; Railroad v. Young, 96 Mo. 39; 15 Cyc. 810. (2) When it was shown by appellant on the hearing had

October 22, 1910, that the profile map and other maps
alleged by plaintiff company in its petition, as hav-
ing been filed August 1, 1910, were not in fact certified
and filed as required by law, the court should have
dismissed plaintiff's petition.  R. S. 1909, sec. 3074;
Railroad v. Davis, 197 Mo. 669; Barrett v. Kemp, 91
Iowa, 296; St. Louis v. Franks, 9 Mo. App. 579, 78
Mo. 41; 15 Cyc. 813, 815, 817; Gray v. Railroad, 81
Mo. 126; St. Louis v. Koch, 169 Mo. 587; Vail v. Rail-
road, 21 N. J. L. 442; Railroad v. Norton, 12 Abb. Pr.
(N. S.) 317.   (3)  The court committed error in grant-
ing plaintiff's petition and in appointing commission-
ers without first requiring the plaintiff to establish
by competent evidence all the material allegations of
its petition, as every one of such were put in issue, on
the filing of appellant's suggestions, protests and ob-
jections.  Bridge Co. v. Stone, 174 Mo. 1; Railroad v.
Railroad, 94 Mo. 535; Savannah v. Hancock, 91 Mo.
54; 15 Cyc. 868; Reed v. Railroad, 126 Ill. 48; Rail-
road v. Robinson, 133 N. Y. 242; State ex rel. v. Shel-
ton, 154 Mo. 682; Emerson v. Railroad, 75 Ill. 176.
(4)  Without the consent of this appellant and over
his protest and objections the plaintiff company had
no right, power or authority to condemn and appropri-
ate his grade farm crossing from east to west over
and across plaintiff's main line of railroad, and es-
pecially so, when the plaintiff company obtained from
appellant its original right of way, for its main line
through appellant's farm, on condition that such grade
farm crossing should be made and maintained for his
use and convenience in the future enjoyment of the
farm.  R. S. 1909, sec. 3145; Quantock v. Railroad,
197 Mo. 93; Stone Co. v. Railroad, 130 N. Y. 152;
Powell v. Railroad, 215 Mo. 339.  It appearing on the
face of the petition that the plaintiff company sought
to entirely deprive appellant of any farm crossing
whatever, the court should have rejected the petition.
Railroad v. Railroad, 94 Mo. 543.  (5)  From the face

of the petition in this cause the court could not pass upon the judicial question and judicially determine that the 70 acres of land sought to be condemned and appropriated was for a public use, or that the tract of land belonging to appellant was necessary, or that the same would be applied to a public use; without evidence first being heard, and a full consideration of the issues involved had and determined. This was not done on the appointment of commissioners herein. Sec. 20, art. 2, Constitution; St. Louis v. Brown, 155 Mo. 545; 15 Cyc. 868. (6) Plaintiff's instruction 1 told the jury that the plaintiff had the right under the law to take and appropriate appellant's 9.33 acres of land, upon paying him just compensation therefor. This, appellant says, was error, as it excluded from the jury a consideration of the depreciation in value of the remaining portion of appellant's farm. The verdict of the jury is in accordance with the above direction as the damages allowed was only for the value of the land taken. Railroad v. Calkins, 90 Mo. 538; Railroad v. Story, 96 Mo. 622; Railroad v. Norcross, 137 Mo. 415. (7) Plaintiff's third instruction, among other things, told the jury that in estimating the damages occasioned appellant, by the condemnation of his 9.33 acres of land described in the first instruction, they should not consider the increased damages to life or limb, nor any damage from smoke or noise from passing trains, nor from ringing the bells or sounding of whistles. Yet they might consider the increased risk of fire from said terminals so far as the same may affect the market value of the land. If the increased risk of fire may be considered as affecting the market value of the remaining part of his farm, then on the same principle the smoke and noise from passing trains and the ringing of bells and sounding of whistles should be considered as affecting the future enjoyment of the farm or its depreciation in value by reason thereof, and in the greater number of jurisdic-

tions the courts do allow compensation for the injury resulting from all these causes, or at least consider such injury in estimating the depreciation in the value of the land. Railroad v. Allen, 41 Ark. 431; Pasadena v. Stimson, 91 Cal. 238; Canal Co. v. Morawetz, 195 Ill. 394; Railroad v. Atterbury, 156 Ill. 281; Wilson v. Railroad, 67 Iowa, 509; Railroad v. Connor, 16 Ky. L. Rep. 635; Baker v. Railroad, 183 Mass. 178; Blue Earth County v. Railroad, 28 Minn. 503; Railroad v. Beeson, 36 Neb. 361; In re Railroad, 56 Barb. (N. Y.) 456. (8) The proof offered by appellant and excluded by the court, as to the use made by appellant of his 40 acres of land lying within three-quarters of a mile of his main farm of 120 acres on which he resides was competent and relevant for the jury to consider in estimating appellant's damage. Railroad v. Huncheon, 130 Ind. 529; Ellsworth v. Railroad, 91 Iowa, 386; Railroad v. Longworth, 30 Ohio St. 108; Railroad v. Comstock, 36 W. Va. 263; Railroad v. Aubuchon, 199 Mo. 352.

*Shinabargar, Blagg & Ellison* for respondent.

(1) The filing of the report of the commissioners in the Andrew Circuit Court, the payment of the money awarded appellant into court and the acceptance thereof by the appellant left nothing to litigate except the amount of appellant's damages. Secs. 2362, 2364, R. S. 1909; Railroad v. Beechle, 234 Mo. 481; Railroad v. Aubuchon, 199 Mo. 352; Railroad v. Roberts, 187 Mo. 309; Bennett v. Hall, 184 Mo. 407; State ex rel. v. Fort, 180 Mo. 103; Railroad v. Donovan, 149 Mo. 93; Railroad v. Clark, 119 Mo. 357; Rothan v. Railroad, 113 Mo. 132; Railroad v. McGrew, 113 Mo. 390; Railroad v. Fowler, 113 Mo. 458. By accepting and retaining the $1500 damages awarded him by the commissioners appellant is estopped on the general principles of equity from attacking the

proceedings by which he got the money he now retains and holds. Marling v. Railroad, 67 Iowa, 331; Corwin v. Railroad, 51 Kan. 451; Poole v. Breese, 114 Ill. 594; Paper Co. v. Syracuse, 124 N. Y. Supp. 317; 2 Lewis on Eminent Domain (3 Ed.), sec. 783. (2) Appellant cannot complain of the order granting a change of venue in this cause: (a) It was in due form. (b) It was made at his request and he is estopped to question it. (c) Even if defective it is not a nullity and objections to it should have been made and exceptions saved before the judge who granted the order. Stearns v. Railroad, 94 Mo. 317; State v. Dodson, 74 Mo. 283; Gibney v. Transit Co., 205 Mo. 717; Cunningham v. Railroad, 165 Mo. 279; State v. Gamble, 109 Mo. 430; Evans v. Town of Trenton, 112 Mo. 390; Wolff v. Ward, 104 Mo. 145; Klotz v. Perteet, 101 Mo. 217. (d) No point can be made on the change of venue in this court for the further reason that no mention of any alleged defects in the order was made in the motion for a new trial filed by appellant. Gibney v. Transit Co., 205 Mo. 717; Wolff v. Ward, 104 Mo. 145. (3) The filing of a profile and other maps under Section 3074 is not a condition precedent to the bringing of a condemnation suit, and hence it is immaterial whether the maps filed August 1, 1910, were properly certified, or whether the maps filed October 28, 1910, were filed in time, or whether any maps were filed at all. Railroad v. Railroad, 168 Fed. 360, 13 L. R. A. (N. S.) 197; 2 Lewis on Eminent Domain (3 Ed.), p. 921, par. 508; Railroad v. Shepard, 9 Kan. 647; 7 Ency. Pl. & Pr. 542; Railroad v. Abbott, 44 Kan. 170; Water Works Co. v. Bird, 130 N. Y. 249; Bridge Co. v. Oil Co., 35 W. Va. 205. (4) Plaintiff's instruction 1 properly declared the law. It is a counterpart of an instruction given and approved in Bridge Co. v. Stone, 194 Mo. 182. Furthermore it is not open to the objection made by appellant, because instructions given for plaintiff supplement it and fully ex-

plain to the jury the correct method of ascertaining the defendant's damages. (5) Plaintiff's instruction 3 properly declared the law, as laid down in: Railroad v. Shoemaker, 160 Mo. 425; Railroad v. Mendonsa, 193 Mo. 518; Railroad v. Pfau, 212 Mo. 398. (6) It was not error for the court to refuse appellant's offer of proof of the use made by him of a forty-acre tract of land three-fourths of a mile from the farm out of which the condemned land was taken. There should have been an offer to show that the two tracts were especially adapted to one use and that they had a peculiar value because of that adaptability in excess of what the two would have been worth on the market as separate tracts. Hoyt v. Railroad, 90 N. W. 724.

GRAVES, J.—This is a condemnation proceeding originating in the circuit court of Nodaway county. The purpose of the condemnation is thus stated in the petition:

"Plaintiff further states that as such railroad corporation it is now, and it and its predecessors for a long time have been, operating said line of railroad, which line is a continuous line between Kansas City in the State of Missouri, and the city of Chicago, in the State of Illinois, and the city of St. Paul in the State of Minnesota; that for the public use and convenience in the operation of its said line of railroad it has become and is necessary for it to construct certain division terminal facilities occupying about —— acres and extending in a general northerly and southerly direction over said sections 11, 14 and 23, consisting of a round house, switch tracks, storage tracks, connecting tracks, machine shops, etc., together with the necessary grading therefor, which are to constitute a part of said system and line of railroad.

"Plaintiff further states that it has acquired by purchase or donation all the land required for said

improvement except a certain tract owned by the defendant, Bernard P. Kemper, who now occupies the same, and a certain tract owned by John Holtman, who now occupies the same."

Upon the presentation of the petition to Hon. William C. Ellison, judge of the Fourth Judicial Circuit of Missouri, he, in vacation, ordered the same filed by the clerk of the Nodaway County Circuit Court, and that summons be issued to all the defendants to appear at his office in the city of Maryville on August 20, 1910, when and where he would hear said petition, and defendants could make such objections as they thought proper. Defendants appeared on August 20th and applied for a change of venue from Judge Ellison. This application was sustained and the cause sent to the circuit court of Andrew county. On September 3, 1910, the defendant (and sole appellant here) John Holtman and other defendants filed, in vacation of that court, their objections to the petition and their protests against the appointment of commissioners. These were lengthy and will be noted later, if occasion requires. The matter seems to have been continued from time to time until finally on October 29, 1910, Judge Burnes, of the Andrew Circuit Court, concluded his hearing of the petition of the plaintiff and the objections of the defendants thereto, and found that it was necessary for plaintiff to have about seventy acres of land for the purposes stated in its petition, which included the land of John Holtman or in which he was interested. Commissioners were appointed to assess the damages.

On November 11, 1910, these commissioners filed their report (in vacation of the Andrew Circuit Court) in which damages to John Holtman, Joseph Holtman and Nathaniel Sisson were allowed in the sum of $1500 November 18th and during the November term of said court John Holtman and Bernard P. Kemper filed exceptions to the report of the commisioners. The

record presented to this court then thus details the trial judgment:

"Upon the issues thus presented the cause was called for trial at the regular February, 1911, term of said circuit court, on the 28th of February, 1911, the same being the 2nd day of said term, the parties appeared in persons and by their respective attorneys and as a result of a trial before a jury, a verdict for defendants was returned on March 1, 1911, in open court, assessing the damages sustained by Bernard P. Kemper at $1238.40 and by John Holtman at $1399.50. And thereupon on said date the court rendered judgment on said verdict in words and figures as follows, viz.: 'It is therefore ordered, considered and adjudged by the court that the defendant, Bernard P. Kemper, have and recover of and from the plaintiff the said sum of $1238.50, so found by the jury as aforesaid, and that the defendant, John Holtman, have and recover of and from the plaintiff the said sum of $1399.50 so found by the jury as aforesaid.''

Motion for new trial was filed in due time and this passed over to the May term of the court. At this time the defendant Kemper withdrew his motion for new trial and the motion was overruled as to the defendant, John Holtman. From this judgment Holtman alone has appealed.

By an additional abstract prepared by the plaintiff it appears that plaintiff paid into court on November 17th the money assessed by the commissioners, for the several defendants. And further that at a later term (date not shown) the defendant John Holtman received such money and receipted of record therefor. This outlines the case. Additional matters will be noted in the course of the opinion in connection with the points made.

I. Appellant, although he applied for and got a change of venue from Judge Ellison's court, now com-

plains of the jurisdiction of the Andrew County Circuit Court. All this arises over the wording of the order, and as appellant claims, the wrong use of the word "court" for "cause." Appellant sets out the order thus: "And the venue of said *court* is accordingly hereby ordered changed to the said circuit court of Andrew county." Respondent files an additional abstract of the record and makes said order read "cause" instead of "court." This contention of the appellant should not be entertained for two reasons at least: (1) it is apparent, that if the order really shows the word "court," it was a mere clerical mistake, and (2) because appellant relied upon no such question in the court below. In the Andrew County Circuit Court he did challenge the validity of the change of venue, but did it in this language:

**Use of Word "Court" for "Cause."**

"That the court has no jurisdiction of the subject matter of this suit, because the order of the circuit court of Nodaway county, Missouri, awarding a change of venue herein is null and void, neither has this court jurisdiction of the persons of the defendants named in plaintiff's petition, for the reason that the circuit court of Nodaway county had not acquired jurisdiction of the person of all said defendant*s* at the time of making the alleged order, awarding a change of venue as shown by the transcript and original papers herein."

The reason then assigned and the reason now assigned are totally different. It should be further added that no suggestion of this want of jurisdiction is found in the motion for new trial filed *nisi*. Other reasons might be suggested, but these are sufficient to rule this point against the appellant.

II. Respondent contends, and we think rightfully, that the appellant having taken down the money paid into court for his benefit is now estopped from ques-

tioning any matter except the hearing had upon the question of the amount of damages. This view of the law eliminates a "slough" of questions presented in the appellant's brief. Our statutes relative to condemnation contemplates two hearings in the course of the proceeding. First, upon the filing of the petition for condemnation the court or the judge thereof in vacation must make one order requiring all interested parties to be notified of the time and place where he will hear said petition. [R. S. 1909, sec. 2361.] The filing of the petition and service of notice gives the court jurisdiction of the subject-matter and the person. [Quayle v. Railroad, 63 Mo. 465; Railroad v. Swan, 120 Mo. 30.] Appearance of the defendant will confer jurisdiction even without service of notice. [Union Depot Co. v. Frederick, 117 Mo. 138; Railroad v. Donovan, 149 Mo. 93.]

Condemnation: Taking Down Award: Estoppel.

At the hearing the sufficiency of the petition and the necessity for the condemnation are determined by the court, or the judge thereof in vacation. If the petition is sufficient, and the court determines that condemnation should be had, then the court or the judge thereof in vacation appoints the three statutory commisioners to assess the damages, and make report thereof to the court. [R. S. 1909, sec. 2362.] These proceedings constitute the first branch of the case. Upon the filing of the report of the commisioners, the clerk of the court must give notice of the filing of such report to all parties whose interest is affected thereby. If any person is dissatisfied therewith he or they may file exceptions thereto, and the court may, "upon good cause shown," order a new appraisement, which at the request of either party may be had before a jury. [R. S. 1909, sec. 2364.] This hearing before a jury constitutes the second branch of the case. This right to a trial by a jury only exists as to the amount

of damages or compensation. Railroad v. Railroad, 118 Mo. l. c. 617.] And the statute says, section 2364, supra, "and any subsequent proceedings shall only effect the amount of compensation to be allowed."

So that if the court has jurisdiction, we think the defendant in a condemnation proceeding can estop himself as to all questions of mere irregularities in the first branch of the proceeding, by taking down and receipting for the damages which the plaintiff has paid into court for his benefit. Such act upon his part is a concession by him that the plaintiff is entitled to take the property under the proceedings, upon the payment of full and adequate compensation thereof. If he expects to question this right to condemn at all, or the regularity of that part of the proceeding, he should not take down the allowance of the commisioners, which for the time stands for just compensation. In other words he should not place himself in the attitude of claiming all his original interest in the land, whilst having adequate compensation therefor in his pocket. A litigant should not be permitted to accept the fruits of a proceeding, and at the same time question the regularity thereof for his own further self aggrandizement. By taking down the money he estops himself from questioning the regularity of the proceeding up to that point, although under the statute and our holdings he is permitted to further litigate the question of whether or not the allowance made by the commissioners is full and just compensation. The supplemental or additional abstract of the record in this case shows that this appellant took down and receipted for the full allowance made to him by the commissioners. Such being the case all irregularities, if any, in the first stage of the proceeding, is, to him, a sealed book on this appeal. In Corwin v. Railroad, 51 Kan. l. c. 459, HORTON, C. J., said:

"Subsequently, Mrs. Sanders accepted the condemnation money. Clearly, she was thereafter es-

topped from raising any objections to any mere irregularity in the condemnation proceedings.''

In the case of Weeks-Thorne Paper Co. v. City of Syracuse, 124 N. Y. Supp. 1. c. 321, it is said:

''The chief contention of the appellant is that the petition did not state facts sufficient to confer jurisdiction, and the specific defect urged is the omission of the petition to set forth accurately the property sought to be condemned. The Supreme Court certainly had jurisdiction to entertain a proceeding of this kind, and the petition was adequate to confer authority over the subject-matter, as well as of the person of the defendants. The question is of no importance now, for the court assumed jurisdiction, disposed of the rights of the parties to the action, and the Hartlot Paper Company cannot recognize the validity of the judgment by accepting the money awarded it, and, while retaining it through its successor in interest, challenge the adequacy of the petition. [Tonnele v. Wetmore, 195 N. Y. 436; Sherman v. McKeon, 38 N. Y. 266, 274; City of Buffalo v. Balcom, 134 N. Y. 532, 536.] As was said in Sherman v. McKeon, supra, at page 275.

'' 'The receipt of the money operates as an estoppel, and the damages paid have the same effect as a conveyance, and vest the title in the corporation.' ''

To like effect is Holland v. Spell, 144 Ind. 1. c. 564, wherein the Supreme Court of Indiana says:

''It is a general rule that, where benefits are awarded to the owner of land in proceedings to condemn, an acceptance of the sum awarded will preclude the owner from prosecuting an appeal. [Elliot, App. Proc., sec. 150; People v. Mills, 109 N. Y. 69; Felch v. Gilman, 22 Vt. 38; Hawley v. Harrall, 19 Conn. 142; Elliott, Roads & S., 277.] Judge Elliott says, in his Appellate Procedure (section 151): 'It will be observed that in the cases in which it has been

held that an estoppel exists, the act necessarily affirmed the validity of the judgment. Thus, where a party accepts money or property awarded him by a judgment, he concedes the validity of the judgment, since it is by virtue of the judgment that he obtains the money or property.' These principles have been applied by this court in proceedings similar to those involved in the present case. [Test v. Larsh, 76 Ind. 452; Railroad v. Johnson, 84 Ind. 420; Newman v. Kaiser, 128 Ind. 258.] In Byer v. Town of New Castle, 124 Ind. 86, the doctrine that one may estop himself to deny the validity of condemnation proceedings was recognized. That he may estop himself, by the receipt of the money awarded in condemnation proceedings, to deny the validity of the proceedings, was held in a full and satisfactory opinion and citation of authority in Test v. Larsh, supra. We can conceive no good reason why he should, in good conscience, be permitted to receive all the benefits of the proceeding, and, while holding them, deny that the proceeding it effectual to create the burdens corresponding to such benefits."

These cases are right in principle. The act of taking down the money, under our law, does not preclude the defendant from saying that the amount is not adequate compensation, and he can litigate that question after taking down the money (Railroad v. Donovan, 149 Mo. l. c. 103), but he can't act under the judgment, and yet deny the sufficiency of that judgment to vest his property in the plaintiff. We exclude from this announcement his right to question the want of jurisdiction in the court. That question can perhaps be raised even in this court. But there is a difference between that question, and mere irregularities in the proceeding. The first judgment of the court in a condemnation proceeding goes to the very propriety of the condemnation itself. The second judgment goes to the damages to be paid. The parties interested can waive ir-

regularities in such first judgment, and if they do so waive them by taking and receipting for the money paid into court for their benefit they are estopped from further questioning the regularity of that judgment of the court—the court being possessed of full jurisdiction at the time. As said this view of the law eliminates a discussion of many questions urged in the brief as to the alleged irregularity of the first judgment.

III. Our ruling supra, leaves us to begin with point XI of defendant's brief, rather than with point I. It is urged under proposition XI of the brief that there was error in giving plaintiff's instruction numbered one. This instruction is:

*Condemnation: Instruction.*

"The court further instructs you that the plaintiff has the right under the law to take and appropriate the strips of ground containing 9.33 acres, and 7.59 acres, described in the pleadings and evidence, upon paying to said defendants just compensation therefor, and that the only matter for the jury to determine in this cause is the just compensation to be paid by the plaintiff to said defendants."

The tract of 9.33 acres was the one belonging to Holtman, this appellant. This instruction number one is practically a rescript of instruction number 2 given for plaintiff in So. Ill. & Mo. Bridge Co. v. Stone, 194 Mo. 1. c. 182. Whilst we do not seem to have discussed this particular instruction, the series of instructions in that case seems to have met with the approval of the court.

The objection which appellant urges is that said instruction "excludes from the jury a consideration of the depreciation in value of the remaining portion of appellant's farm."

This instruction here criticized is the first of a series of instructions. It is only general in nature, but

it is followed by instructions 2 and 5, in this language:

"This just compensation, or in other words, the damage to which defendants are entitled, is the difference in the fair market value of defendants' respective whole farms before and after the appropriation by plaintiff of the respective parcels of land, mentioned in evidence to be taken out of each, occasioned by the taking of and the uses to which said parcels condemned are to be put.

"In determining the compensation or damages to which the defendants are respectfully entitled, as more fully explained in preceding instructions, the jury should ascertain: first, the market value of the land actually taken; second, the diminution in value of the remainder of said farms respectively, if any, as a result of the taking of the part of each that is condemned, and of the use to which such parts are to be put by the railroad company. The total amount found on account of these items will be the damage to which the defendants are entitled.

"If the jury shall further find from the evidence that by reason of the taking and appropriation by the plaintiff of the parcels of land hereinbefore described out of said whole farms, and the use to which said parcels are to be put by the plaintiff, the remainder of said farms will receive special and peculiar benefits, not common to other lands in the vicinity, then the jury should estimate the amount or value of such special benefits, if any, and deduct the same from the total damages, as found above, and the remaining sum, if any, will be the amount of damage or compensation, which defendants should be allowed."

These instructions when read together, cover the law of the case, and in addition it might be added, that they do not differ in principle from the instructions asked and obtained by defendant.

IV.  Next it is urged that there was error in giving for the plaintiff its instruction number 3, in this language:

Condemnation: Smoke and Noises.

"The court instructs the jury that in estimating the damages occasioned to the defendants by the condemnation of the two parcels of land described in the first instruction, they have no right to take into consideration any damage that might result from fires in the future, if any; nor should they consider the increased damage to life and limb, if any, from trains passing over the public wagon road; nor any damage from smoke or noise from passing trains or from ringing of bells or sounding of whistles, although the jury may consider the increased risk of fire, if any, from said terminals so far as the same may affect the market value of said lands, if any."

·Appellant cites us to some decisions from other courts upon the question, but does not cite one from this court.  In so far as this instruction relates to fires, it announces well the doctrine of this court. [Railroad v. Mendonsa, 193 Mo. 518; Railroad v. Pfau, 212 Mo. 398; Railroad v. Shoemaker, 160 Mo. 425.]

The point urged is that the instruction forbids the consideration of smoke and noise from passing trains and the ringing of bells and sounding of whistles ·as affecting the future enjoyment of the farm.  This point we think fully answered by a portion of defendant's own instruction.  We refer to instruction numbered 4 for the defendant, which reads:

"The jury are instructed that in determining the decrease, if any, in the market value of the respective farms of said defendants, in consequence of the construction and maintenance by the plaintiff company of its proposed division terminal facilities, they will consider the manner in which each of said farms is to be divided by the construction of said division terminal facilities, the disfigurement, if any, to each of

the farms as a whole, and generally all such matters, owing to the peculiar location of the division terminal facilities through each of the respective farms of said defendants, as may in the judgment of the jury and from the evidence in the case, affect the convenient use, and further enjoyment of each of said farms, considered as a whole, in so far as the same affects the market value thereof; *but in the application of this rule, the jury will not take into consideration such inconveniences to defendants, or either of them, as are the consequences of the lawful and proper use, by the plaintiff company, of said division terminal facilities, in so far as the same are common to the other landowners in the neighborhood, portions of whose land are not taken.*"

We have italicized the portion having application. By defendant's own instruction, matters and things, occurring in the lawful use of the property, and which were common to other land-owners in the neighborhood, whose property had not been taken, could not be considered. This would preclude the jury from considering the very elements mentioned in plaintiff's instruction, of which defendant now complains. To say the least, the defendant is in no position now to complain. We think, however, both his instruction and that for the plaintiff properly declare the law.

V. It is next urged that the court erred in excluding some testimony about the use of another forty acres of land some three-fourths of a mile from the farm out of which the land condemned was taken. We have examined this evidence and think it was properly excluded. There was no offer to prove that the two tracts were especially adapted to one use and that they had a peculiar value because of such adaptability in excess of what the two would have been worth on the market as separate tracts. Without some such offer, the matters excluded were properly excluded.

Segregated Tracts.

VI.  We find nothing in the record here which would justify a reversal of this judgment upon the defendant's appeal.  Upon the jury trial he was allowed only $1399.50, and the judgment was that he recover such sum from the plaintiff.  But it appears that he has taken down $1500, which is $100.50 more than the just compensation adjudged to him by the jury.  The judgment should be reversed and the cause remanded to the end that the trial court may adjust its judgment to the facts and rights of the parties.  [Railroad v. Russell, 150 Mo. 453.]  Appellant, however, should not be allowed the costs of this appeal, because the cause is only sent back to dispose of the verdict by a proper judgment below.  No retrial of the merits is awarded.  Judgment reversed and remanded with the directions above given.  All concur.