STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

John H. TURK et al., On Exceptions of Ross
Parnell, Gladys Parnell, Junior Conrad,
Ella Dee Conrad, John Hancock Mutual
Life Insurance Company, a Massachusetts
Corporation, Robert A. Smith, Trustee,
Ozark Production Credit Association, a
Farmers Cooperative, and Garland N. Holt,
Trustee, Defendants-Respondents.

No. 49475.

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for appellant.

Moore, Pettit & Steinle, J. Hal Moore, Aurora, for respondents.

HOLMAN, Commissioner.

In this highway condemnation case the commissioners appointed by the circuit court awarded defendants the sum of $25,000. Exceptions to that award were filed by plaintiff and also by defendants. The subsequent circuit court trial resulted in a verdict and judgment for defendants in the sum of $25,000, and plaintiff has duly

appealed therefrom. Since plaintiff's evidence was to the effect that the damages would not exceed $3,100, we have jurisdiction because the amount in dispute exceeds the sum of $15,000. Section 477.040 RSMo 1959, V.A.M.S.

Prior to the taking, defendants' farm contained 146 acres. It is located in Lawrence County and is a highly improved, well-fenced dairy farm. The improvements include an eight-room modern residence, a tenant house, a "grade A" dairy barn, and a number of other buildings.

Two highways are involved. Eight and thirty-six hundredths (8.36) acres of defendants' land were taken for new Interstate Highway 44, which crosses the farm for a distance of 1,330 feet. The north line of the right of way is 320 feet south of defendants' residence. Three and forty-nine hundredths (3.49) acres are taken for Route O which runs in front of defendants' house. This highway was in existence before the filing of this suit but is being improved and relocated to some extent. Certain drainage easements involved about two acres of land.

Defendant Ross Parnell testified that after the taking the reasonable market value of his farm was $40,000 less than it was prior thereto. Defendants' other expert witnesses fixed the damages as follows: C. C. Keller, $39,250, Jim Squibb, $30,700, and Lloyd Ellis, $29,250. Plaintiff's experts estimated the damages to the farm as follows: H. M. Turner, $2,000, John Tinsley, $3,100, Wayne Bowen, $2,306, and Jack Sturgeon, $2,500.

The first point briefed by plaintiff is that the court erred in permitting testimony and other references to annoyance from noise and traffic on Highway 44 which, plaintiff contends, is not a compensable element of damage in a case of this nature. In his opening statement defendants' attorney, in detailing the items of damage, stated: "* * * [A]nd because of the noise on I–44 coming right up this draw (indicating) —Mr. Ring: Let me object to that, your

Honor, the noise is not an element of damage in this case. The Court: Objection overruled." Thereafter, defendant Ross Parnell was permitted to testify as follows: "Q. Have you heard the trucks riding on it? A. We sure do. Q. Do they disturb you up at your improvements? Mr. Ring: Let me object to that, your Honor. It is not material to the issues in the case, and it does not properly show damages in the case. The Court: Overruled. Q. (by Mr. Moore): Answer the question. A. That is definitely, because there is a grade just at the creek, where sound movement, you might say—it is just natural for it to come up this ravine, and those diesels or anything—you can hear them kick them in, and it would wake anybody up. We are just barely getting a taste of it now, because there is very little traffic on it, and there will not be until we get it opened up." And in his closing argument, one of the attorneys for defendants stated: "Would you give that much for a farm that has got that road right behind its back door, with the noise and everything from the diesels—Mr. Ring: Let me object to that. The noise is not a proper element of damage in this case. The Court: Overruled. Mr. Moore (resuming oral argument):—goes by the back door of this property—the part taken by the highway department. The evidence is, that it keeps them awake at night. Are you going to give that much for a farm? Where you are going to be kept awake at nights?"

■ We are of the opinion that the rulings set out in the preceding paragraph constituted reversible error. It appears to be settled in this state that "the amount of noise and speed of the traffic on the highway are not proper elements to be taken into consideration in arriving at the damage resulting from condemnation of land for State Highway uses or for railroad uses." State ex rel. State Highway Commission v. Hoffmann, Mo.App., 132 S.W.2d 27, 30. To like effect, see also Chicago Great Western R. Co. v. Kemper, 256 Mo. 279, 166 S.W. 291. State ex rel. State Highway Commission v.

Watkins, Mo.App., 51 S.W.2d 543, and State ex rel. State Highway Commission v. Sharp, Mo.App., 62 S.W.2d 928 [5].

■ Defendants' position is that the element of noise in this case is an item of special damage not common to the other landowners in the vicinity. That seems to be based upon the fact that there was a "grade" at a point near defendants' home and that the noise followed a "draw" toward the house. In that connection, we think judicial notice may be taken of the fact that the noise of traffic, particularly from trucks going up an incline, may be heard for a considerable distance in every direction. While, no doubt, there is some difference in degree, we think the annoyance from the noise at the point in question is shared by all who reside in the neighborhood. In the Watkins case, supra, it is stated that "Defendants, no doubt, were subject to annoyances more than would be other abutting landowners whose houses were situated greater distances from the highway. But the jury should not be expected to, and could not fairly, consider fine points of distances in order to determine that defendants were damaged by reason of noises from passing vehicles more than were other persons living on the highway. Our Supreme Court has held that even the noise of trains, common to other landowners in the neighborhood, is not a proper element of damages in cases of this character. Chicago Great Western Railroad Co. v. Kemper, 256 Mo. 279, 166 S.W. 291, Ann.Cas. 1915D, 815. Certainly the same rule should be applied to motor traffic which, in that respect, can hardly be compared to the annoyance made by the roar, whistle, soot, and smoke of the locomotive." 51 S.W.2d 1. c. 545.

Upon the more general subject, we have said that "traffic, great or small, is merely an incident of streets and highways and cannot be considered either as an element of damages or of benefits." Wilson v. Kansas City, Mo.Sup., 162 S.W.2d 802, 805.

As indicated, we have concluded that the factual situation here presented is not one which would create an exception to the application of the rule heretofore quoted.

The next point briefed by plaintiff relates to the following testimony: "Q. What kind of a well do you have on your place? A. I guess it would go as a deep well system, approximately 200 feet. Q. Does the well ever go dry? A. No. Q. Have you noticed any change in the well, after this highway was constructed? A. Yes. Q. What change have you noticed? A. About once a week, sometimes it will go 2 weeks, we will pump clay water. It is not really muddy water, but we pump clay water out of it, and we never did prior—before they did all that dynamiting on the roads there. Mr. Ring: I object to that. As to the dynamiting, it is a separate item to the damages. The witness is talking about something the contractor did, over which we had no control. And we ask that the witness's statement be stricken, and the jury instructed to disregard it. Mr. Moore: I will withdraw the question, your Honor. The Court: Very well, the question is withdrawn. Mr. Ring: I am going to ask for a mistrial, because of the injection of an improper element into the case. The Court: Overruled."

■ Plaintiff contends that the court erred in regard to the relief granted on its objections. There appears to be no question but that testimony concerning the damage done to the well as a result of dynamiting by the contractor would not be admissible. State ex rel. State Highway Commission v. Riggs, 226 Mo.App. 1053, 47 S.W.2d 178. While we do not agree with plaintiff's contention that the court should have declared a mistrial, we are of the opinion that the court should have stricken the answer of the witness and instructed the jury to disregard it, as requested by plaintiff's attorney. From a technical standpoint, it may be that the action of defendants' counsel in withdrawing the question would have the effect of withdrawing the answer, but we

do not think the jury would necessarily have so understood. Plaintiff's attorney requested the appropriate relief, and, if the court had accordingly instructed the jury to disregard the testimony, we think the error would have been cured. However, under the circumstances here presented, the failure of the court to so instruct the jury was error.

■ The next point relates to a portion of the argument of one of the attorneys for defendants. After directing the attention of the jury to the fact that the highway department had paid substantial sums to the expert witnesses, who testified for plaintiff, for their services in testifying in various cases in that area, he made the following statement: " * * * [A]nd as I said before, and I say in this case, they have plenty of money to pay everybody but the man who owns the land. Mr. Ring: I object to that, and ask that it be stricken, and that the jury be instructed to disregard. I do not think it is a fair comment on the evidence in the case. The Court: Overruled." Plaintiff contends that the statement was not a fair comment on the evidence and was designed to prejudice the jury against the appellant. The statement of the attorney would likely have been considered as imparting the idea that plaintiff was willing to spend an unreasonably large amount in the defense of the case rather than paying it to defendants in satisfaction of their claim for damages.

We think the statement was improper and that the court should have sustained the objection made by plaintiff's attorney. In discussing a somewhat similar statement, we recently said that it "conveys the idea that the city can afford to produce more expert witnesses on land value than this individual landowner could produce, and was improper. It compares the financial condition of the respective parties and is of the character of argument that is likely to arouse the passions and prejudices of a jury." City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839, 852.

Other points briefed will not likely recur upon another trial and therefore will not be discussed herein.

The judgment is reversed and the cause remanded for a new trial.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All of the Judges in Division I concur.

STORCKMAN, Special Judge, concurs.