**WASHINGTON UNIVERSITY MEDICAL CENTER REDEVELOPMENT CORP., Plaintiff-Respondent,**

v.

**Meyer KOMEN, et al., Exception of Nick Bulatse and Adeline Bulatse, his wife, Defendants-Appellants.**

No. 43822.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1982.

Motion for Rehearing and/or Transfer Denied June 18, 1982.

Application to Transfer Denied Sept. 13, 1982.

Donald S. Singer, Clayton, for defendants-appellants.

Bryan, Cave, McPheeters & McRoberts, Gerard T. Carmody, Robert G. Brady, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal from an order and judgment of the circuit court of St. Louis City entered on November 12, 1980 pursuant to a condemnation proceeding instituted by the respondent, Washington University Medical Center Redevelopment Corporation (hereinafter Medical Center) against the appellants, Nick and Adeline Bulatse. In this order and judgment the trial court overruled appellants' motion to dismiss the case for lack of jurisdiction, and granted respondents motion to enforce a settlement agreement between the parties by reducing it to judgment. We affirm the action of the trial court in all respects.

The facts relevant to our decision are as follows. On December 30, 1976, the Medical Center filed a petition seeking condemnation of property belonging to appellants. On January 14, 1977, a hearing was held on the petition for condemnation. Appellants' counsel was present at this hearing. The testimony of R. Jerrad King, executive director of the respondent corporation, was taken. Based upon this testimony and other documents submitted the trial court found that the provisions of § 523.010 RSMo (1969) were satisfied, and thus, entered an order of condemnation for appellants' property. On January 17, 1977, the trial court entered an order pursuant to § 523.040 RSMo (1969), appointing three commissioners to assess appellants' damages.

On September 2, 1977, the Medical Center filed a motion to dismiss its cause of action against the appellants. Within a week, on September 8, the Medical Center withdrew its September 2 motion to dismiss. The commissioners issued a report on December 28, 1977, which was filed with the trial court. The commissioners found that appellants were damaged in the amount of $50,000.00. Appellants filed exceptions to the commissioners' award with a motion to quash said award. In addition, appellants filed a motion to dismiss on the grounds that the Medical Center had abandoned its cause of action pursuant to Rule 67.01 (1977), when it filed its motion to dismiss on September 2, 1977. The trial court denied appellants' motion to dismiss, but granted their motion to quash the commissioners' award.

On June 8, 1978, the parties filed a stipulation agreement. Essentially the parties agreed to resubmit the damages issue to the commissioners. In addition, both parties agreed to waive all objections to the condemnation proceedings. In the second report of the commissioners, filed July 3, 1978, appellants were awarded $56,000.00 in damages. The appellants again filed exceptions to the second damages award of the commissioners. The Medical Center paid $56,000.00 into the registry of the court, which the appellants subsequently withdrew on November 30, 1978.

While the trial on appellants' damages was pending the parties negotiated a second settlement agreement. On July 28, 1980, the appellants offered to release and waive their claim for higher damages in exchange for $70,000.00 ($56,000.00 which they already had received out of the court registry

plus $14,000.00). The Medical Center accepted this offer, but the appellants subsequently refused to honor the agreement. On September 23, 1980 the Medical Center filed a motion to enforce the settlement agreement. In response the appellants filed a motion to dismiss reasserting that the trial court was without jurisdiction because the Medical Center had voluntarily dismissed its cause of action on September 2, 1977. The trial court denied appellants' motion, granted the Medical Center's motion, and this appeal followed.

■ The essence of appellants' position on appeal is that the trial court was without jurisdiction to act after September 2, 1977, because the Medical Center voluntarily dismissed its cause of action under Rule 67.01. The trial court determined several grounds for its decision. We note that the action of the trial court "... must be affirmed if it is correct upon any theory." *Hathman v. Waters*, 586 S.W.2d 376, 384 (Mo.App.1979). While we find merit in the rationales advanced by the trial court, we can dispose of this cause on the basis of one of them.

The Medical Center filed its motion to dismiss on September 2, 1977. It withdrew the motion before the trial court took any action, and consequently, the trial court never did act on the September 2 motion. Appellants' contend that no action by the trial court was necessary, because the Medical Center's cause of action was automatically dismissed in September 1977 when it filed its motion. Appellants argue that the condemnation hearing in January 1977, was really a preliminary hearing. Thus, the evidence submitted in the condemnation hearing does not bar automatic dismissal without leave of the trial court, pursuant to Rule 67.01. The trial court found this argument unpersuasive, and we agree.

Rule 67.01 (1977) provides in part that:

A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduc-

tion of evidence. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party.

In *Garrison v. Jones*, 557 S.W.2d 247 (Mo. banc 1977), the Supreme Court held that:

The stage of the proceedings described in Rule 67.01 as 'prior to the introduction of evidence' refers to the introduction of evidence at the trial of the cause on the merits. It does not refer to hearings on pretrial motions or the introduction of evidence with respect to such motions.

*Id.* at 249. Once evidence is submitted at the trial on the merits the substantive rights and liabilities of the parties are at stake. Beyond this point leave of court is required for dismissal. Leave is required because the dismissal may prejudice the defendant, either through defendant's loss of a defense, or plaintiff's gain of some undue advantage. *Daniel v. Laclede Gas Co.*, 575 S.W.2d 226, 227 (Mo.App.1978).

■ Appellants' attempt to classify the condemnation hearing as a hearing on a pretrial motion described in *Garrison*. We note, however, that condemnation proceedings are *sui generis*. *Arkansas-Missouri Power Co. v. Hamlin*, 288 S.W.2d 14, 18 (Mo.App.1956). An attempt to analogize condemnation proceedings and other civil actions is very difficult and seldom successful. So it is here. The condemnation hearing cannot be classified as or analogized to a preliminary hearing on a pretrial motion. We find that the Medical Center could not dismiss its cause of action without leave of court under Rule 67.01 after the condemnation hearing and order.[1]

■ In *Chicago Great Western R. Co. v. Kemper*, 256 Mo. 279, 166 S.W. 291 (1914) the Supreme Court describes the structure of condemnation proceedings. Condemnation proceedings consist of two branches. The first branch is a non-jury hearing in

---

1. The Medical Center argues that Rule 67.01 never applies to a condemnation proceeding, because it is not a civil action. We need not decide this issue. Assuming that Rule 67.01 may apply to condemnation proceedings in certain situations, it does not apply to the case at bar by its own terms.

which the sufficiency of the petition and the necessity of condemnation are determined. *Id.* at 289, 166 S.W. at 293. The judgment of the court following this first hearing goes to the very propriety of the condemnation itself. *Id.* at 292, 166 S.W. at 294; *Jackson County v. Hesterberg,* 519 S.W.2d 537, 544 (Mo.App.1975). If a condemnee takes exception to the commissioners' damages award, then the trial court shall order a jury trial only on the issue of damages. *Chicago Great Western R. Co. v. Kemper,* 256 Mo. at 289, 166 S.W. at 293. The jury trial on damages is the second branch of the condemnation proceeding. *Id.; Jackson County v. Hesterberg, supra.*

The above description of a condemnation proceeding enunciated in 1914 applies equally well to the condemnation proceeding applicable in this case.[2] The condemnation proceeding is a special, statutory action. It is a single proceeding with two intimately related parts. The first part, the condemnation hearing, is much more than a preliminary hearing on a pretrial motion. The condemnation hearing is an evidentiary hearing in which the right or power of the condemnor to condemn the property in question is finally adjudicated. Consequently, the obligation of the condemnee to surrender the property upon payment of damages becomes binding. When the order of condemnation is entered, the substantive rights of the parties with respect to ownership of the property are determined. The second part of the condemnation proceeding is the resolution of damages. To allow dismissal without leave of court after the order of condemnation is entered could seriously prejudice or impair the rights of the condemnee with respect to title in the land itself, the determination of appropriate damages, or both. Thus, the motion to dismiss filed by the Medical Center in September, 1977 did not automatically dismiss the cause under Rule 67.01, and did not deprive the trial court of jurisdiction. Consequently, the order and judgment of the

trial court enforcing the settlement agreement is valid.

Judgment affirmed.

SMITH, P. J., and SATZ, J., concur.

---

**2.** For purposes of this discussion, the condemnation statute discussed in *Chicago Great Western R. Co. v. Kemper, supra,* § 2360 *et seq.* RSMo (1909), is essentially the same as the condemnation statute applicable in this case, chap. 523 RSMo (1969).