**In the Matter of ST. FRANCIS LEVEE DISTRICT OF MISSOURI, Plaintiff-Appellant,**

v.

**Robert B. HEDGEPETH, W.J. Simmons, and George P. Harris, Respondents.**

**No. 14613.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 1, 1986.

**778**

James E. Reeves, Ward & Reeves, Caruthersville, for plaintiff-appellant.

GREENE, Presiding Judge.

In 1982, St. Francis Levee District of Missouri filed a petition in the Circuit Court of Pemiscot County, pursuant to § 245.197, RSMo 1978. The petition alleged that there had been a material change in the value of real estate in the district, and therefore, a readjustment of assessment of benefits was necessary in order to provide a more equitable basis for the levy of maintenance taxes. Maintenance taxes in such districts are based on the value of the benefits derived by property in the district because of protection by the levee from overflow from the river. § 245.195.

The record indicates that statutory notice of a hearing on the petition was given and, on August 27, 1982, the trial court heard evidence after which it found, among other things, that there had been a material change in values of the property in question, and that it was necessary to appoint commissioners, as provided by law, to reassess the benefits to the property in question by reason of protection by the levee, so as to provide a basis for levy of the maintenance tax. Commissioners were appointed by the court, and instructed of their duties.

The next event of significance, as shown by the record, was the filing by the levee district, on August 6, 1984, of a document entitled "Voluntary Dismissal," and reading: "Comes now the St. Francis Levee District of Missouri and voluntarily dismisses its Petition without prejudice." A clerk's entry on the court's docket sheet of the same date states that the district "voluntarily dismisses its petition without prejudice." The record next reflects that on September 18, 1985, a report of the commissioners was filed; and evidence was heard regarding the amount of time the commissioners had spent in discharging their court-appointed duties, as well as the expenses they had incurred. The trial court later entered an order awarding each commissioner $1,050 as compensation, plus certain travel expenses.

The levee district appealed, with its principal argument being that the trial court had no jurisdiction to award the commissioners any compensation because "appellant dismissed its petition over one year prior to the allowance of said compensation and the trial court lost its jurisdiction to act further in the case upon appellant's voluntary dismissal of its petition."

It is true that Rule 67.01, Missouri Rules of Court, V.A.M.R., gives a plaintiff an unqualified right to terminate litigation "without prejudice without order of court any time prior to the introduction of evidence at the trial." However, "[a]fter the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party." There is nothing in the record to show that leave of court was given for the voluntary dismissal. We also note that proceedings relating to the formation and operation of levee districts under Chapter 245 of the Missouri Statutes are not like ordinary civil

actions, and, at least in the preliminary stages of such proceedings, there are no adverse parties as such.

The type of legal action initiated here is comparable with the procedures utilized in condemnation actions. In each case, the filing of the petition is followed by a hearing in which certain issues are adjudicated. Thereafter, commissioners are appointed, if the preliminary relief prayed for in the petition is granted. In due course, the commissioners file a report. Following this, in the case of a levee district readjustment, it is provided that "the same proceedings shall be had" on the report "as nearly as may be, as are provided ... for the assessment of benefits accruing from the original construction." § 245.197.4. This procedure includes notice to the affected landowners that they have a right to file exceptions to the recommended reassessment of benefits, which procedure has its counterpart in condemnation practice. The comparison is apt because the matter raised here has not been decided in any levee district case. However, in *Washington University Medical Ctr. v. Komen*, 637 S.W.2d 51 (Mo.App.1982), it was held that once the court hears evidence at the preliminary stage in a condemnation suit, it is too late for the condemning party to take a voluntary dismissal without a court order permitting it to do so.

We see no important distinction between the facts in *Komen* and those here. Here, the machinery for readjustment of benefits had been set in motion in this case, notice to interested persons had been given, evidence had been adduced on the first stage of the procedure, and findings were made by the trial court which affected the rights of the landowners. In this posture, on the basis of the holding in *Komen*, which we adopt, the filing of the "voluntary dismissal" pleading by the levee district almost two years after the hearing on the petition was of no legal effect.

Since the case has not been completely disposed of, either by judgment or valid order of dismissal, we have no final order or judgment of the trial court from which appeal will lie.

Appeal dismissed.

CROW, C.J., and TITUS, J., concur.