**STATE of Missouri, ex rel., Frederick Vitt WEDEMEIER, Relator,**

v.

**Honorable Ronald R. McKENZIE, Respondent.**

**No. 66408.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 8, 1994.

Application to Transfer Denied Jan. 24, 1995.

Louis J. Leonatti, Randall P. Baker, Leonatti & Seigfreid, P.C., Mexico, for relator.

Cynthia B. Green, Asst. Counsel, Rich Tiemeyer, Chief Counsel, Mo. Hwy. and Transp. Com'n, Jefferson City, for respondent.

CRANDALL, Presiding Judge.

At issue in this writ proceeding is the applicability of Rule 51.05 to condemnation proceedings. Relator, Frederick Vitt Wedemeier (landowner), seeks a Writ of Mandamus directing respondent, the Honorable Ronald R. McKenzie (judge), to vacate all orders in a condemnation action styled *State of Missouri, ex rel. Missouri Highway and Transportation Commission v. Headrick Outdoor, Inc. et al.*, entered after landowner filed a motion for change of judge on June 9, 1994, and to then grant landowner's motion for change of judge. On July 27, 1994, we issued our preliminary order in mandamus. We now make our preliminary order absolute.

On May 27, 1994, the Missouri Highway and Transportation Commission (Commission) brought an action to condemn real estate owned by landowner. A hearing was set in circuit court for June 20, 1994.

On June 9, 1994, landowner filed, among other motions, a timely motion for change of judge. On June 20, 1994, judge overruled landowner's motion, held a hearing, entered an order of condemnation and appointed commissioners to determine landowner's damages.

The commissioners filed their report. On June 27, 1994, landowner filed his exceptions to that report and a second application for a change of judge. On July 8, 1994, judge sustained landowner's second application for change of judge.

Condemnation is a two-part proceeding. The first part is a court-tried evidentiary hearing in which the right of the condemnor to condemn the property is adjudicated. *Washington University Medical Ctr. v. Komen*, 637 S.W.2d 51, 53–54 (Mo.App.1982). If the order of condemnation is entered, the substantive rights of the parties with respect to the ownership of the property are determined. *Id.* at 54. The second part of the condemnation proceeding establishes the landowner's damages. *Id.* Commissioners appointed by the court assess damages and file a report with the court. State ex rel. *Devanssay v. McGuire*, 622 S.W.2d 323, 325 (Mo.App.1981). Either party can request a jury trial to determine the damages. *Id.*

Rule 51.05 provides the procedure for a change of judge. Subject to the restrictions of Rule 51.05(d) regarding multi-party litigation, a party is entitled to one change of judge as a matter of right. Upon presentation of a timely application for a change of judge, the judge *shall* promptly sustain the application. Rule 51.05(e). The right to disqualify a judge is "one of the keystones of

our legal administrative edifice." *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399, 401 (Mo.App.1980). It is for that reason that our courts adhere to a liberal rule construing the right to disqualify a judge. *Breazeale v. Kemna,* 854 S.W.2d 631, 632 (Mo.App.W.D. 1993).

■ Commission contends that "a change of judge is not provided for at the first stage of a condemnation proceeding because exceptions must be filed before a party is entitled to one." It argues that because Rule 51.05 must be considered and construed with reference to Rules 51.03, 51.04, and 51.06, *see State ex rel. Smith v. Journey,* 533 S.W.2d 589, 591 (Mo. banc 1976), the limitations of the venue rules should also apply to change of judge. Rules 51.03 and 51.04 pertain to change of venue. Rule 51.06 outlines the procedure for a joint application for change of venue and change of judge. A change of venue requested in a condemnation case under Rule 51.03 can be granted only if the application is filed "not later than ten days after exceptions to the commissioner's report are filed." Rule 51.04 limits classes to one change of venue, but provides an exception for condemnation cases with multiple defendants, in which separate trials are to be held. In such cases, each separate trial to determine damages is treated as a separate case for purposes of a change of venue. Rule 51.04. Commission contends that the language of these rules indicates that they pertain only to civil actions triable by a jury and thus a change of venue would not be available at the first stage of a condemnation proceeding. Commission argues that if Rule 51.05 is read in conjunction with the venue rules, an application for change of judge would also be premature before the filing of exceptions. We disagree.

Whether rules relating to a change of venue are limited to civil actions triable by jury does not affect a party's right to a change of judge in a condemnation proceeding. The first stage of a condemnation proceeding is a court-tried matter and therefore the judge takes on the role of the fact finder in addition to ruling on legal issues. Obviously, in that situation the right to disqualify a judge may be of paramount importance to the parties; venue is secondary. On the other hand, the second stage, involving the trial of exceptions, is a matter triable by a jury in which the only issue is damages. Venue in that situation may be of primary importance because the fact finders, the jurors, will be selected from the inhabitants of the county. Thus, the rules relating to change of judge versus change of venue, while designed to insure a fair trial, address different concerns.

■ Substantive legal rights are determined in the first part of a condemnation proceeding. *Washington University Medical Ctr. v. Komen,* 637 S.W.2d at 54. It is the commencement of a civil action involving the involuntary taking of private property by a condemning authority. *State v. Waggoner,* 319 S.W.2d 930, 934 (Mo.App.1959). Rule 51.05, in clear language, mandates a change of judge upon the filing of a timely application. It is not contested that the application was timely in the underlying case. A judge who fails to grant a timely application for change of judge is without jurisdiction. *State ex rel. King v. Huesemann,* 776 S.W.2d 488, 491 (Mo.App.1989). We therefore hold that judge erred in denying landowner's first application for change of judge.[1]

■ Commission also argues that landowner's application for writ of mandamus is moot because landowner has filed exceptions and his second motion for a change of judge has been granted.

■ If an event occurs which makes it impossible for a reviewing court to grant relief, the issue is moot. *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App.1991). To determine whether an issue is moot, we inquire whether the decision sought would have any practical

---

1. Commission notes that, although this case has only one active litigant, in many condemnation cases multiple defendants are joined in one petition. Commission argues that we must also address the issue whether each of the landowners of each separate tract listed on a petition are entitled to a change of judge and/or venue, or are to be treated as a single group, with the first person that files an application effectively removing the right of any other landowner to file the same. Commission envisions a scenario with a "multitude of hearings, in a multitude of foreign counties, in front of a multitude of different judges." This issue is not before us. We decline to give advisory opinions on hypothetical situations. *Warren v. Warren,* 601 S.W.2d 683, 687 (Mo.App.1980).

effect on the existing controversy. *Consolidated School Dist. No. 2 v. King,* 786 S.W.2d 217, 219 (Mo.App.1990).

Here, the judge issued substantive orders when he did not have jurisdiction, thereby exceeding his authority. These rulings were not affected by the granting of landowner's second motion for change of judge. This court still has the power and authority to order the trial court to vacate all previous orders entered in the case. Such a decision affects the substantive rights of the parties with respect to the ownership of the property. Landowner's application for writ of mandamus is therefore not moot.

Accordingly, we make our preliminary order in mandamus absolute. The judge is directed to vacate all orders in *State of Missouri ex rel. Missouri Highway and Transportation Commission v. Headrick Outdoor, Inc., et al.,* which were entered after the filing of landowner's June 9, 1994, motion for change of judge. The judge is then directed to grant landowner's June 9, 1994 motion for change of judge.

SMITH and CRAHAN, JJ., concur.